# EXHIBIT 1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**September 6, 2019 10:56**

By: DREW LEGANDO 0084209

Confirmation Nbr. 1808726

MILIND DESAI                                          CV 19 921035

     vs.

GEICO CASUALTY COMPANY                    **Judge:**  BRIAN J. CORRIGAN

**Pages Filed:**  60

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **MILIND DESAI**, individually and on behalf of all those similarly situated, 22905 North Park Boulevard Solon, Ohio 44139 | CASE NO.: |
| Plaintiff, | JUDGE |
| **GEICO CASUALTY COMPANY,** c/o CT Corporation System 4400 Easton Commons Way Columbus, Ohio 43219 | **CLASS ACTION COMPLAINT** **(Jury Demand Endorsed Heron)** |
| Defendant. | |

### CLASS ACTION AND DECLARATORY JUDGMENT COMPLAINT

Plaintiff, **MILIND DESAI** ("Desai"), individually, and on behalf of all those similarly situated, brings this action against Defendant, **GEICO CASUALTY COMPANY** ("GEICO"), and alleges as follows:

### Introduction

1.       GEICO insures Desai and all its other Ohio automobile insurance policyholders using a policy of insurance nominated as Form A-30-OH (10-09) policy form, combined with "Automobile Policy Amendment Ohio" nominated as Form A54OH (06-14); (together, the "Policy"). The Policy on its face, and as amended to conform with Ohio Admin. Code § 3901-1-54(H)(7) if necessary, allows GEICO to adjust and settle a first-party motor vehicle total loss via a cash settlement based upon the actual cost to purchase a comparable motor vehicle. Such "actual cost" may be derived from the retail cost as determined from a generally recognized used motor vehicle industry source, including an electronic database. Ohio Admin. § Code 3901-1-54(H)(7)(d)(i).

2.      GEICO purported to adjust and settle Desai's and all its other Ohio automobile insurance policyholders' total loss claims in this manner, but it did not do so in reality. Specifically, GEICO used the CCC ONE electronic system (the "CCC system"), a proprietary product licensed from CCC Information Services Inc. ("CCC"), to adjust and settle their claims.

3.      GEICO's practice violates Ohio law and breaches the Collision and Comprehensive coverages of the Policy in three respects. First, the CCC system is not based upon the "actual cost to purchase a comparable automobile" because it uses advertised prices and not sales data.  Second, the CCC system is not a "generally recognized used vehicle industry source" as required by the Policy and Ohio law.  Third, the CCC System is specifically designed to underestimate the retail cost of comparable motor vehicles, including by using "condition adjustments" to create reduced vehicle values that are not indicative of the actual cost to purchase a comparable automobile.  The result is that, in the overwhelming majority of cases, the CCC system undervalues insured vehicles by hundreds or even thousands of dollars when compared to the retail costs provided by generally recognized used motor vehicle industry sources such as the National Auto Dealers Association ("NADA") database and the Kelly Blue Book ("KBB") database, such that GEICO damages all its Ohio policyholders who suffer total losses.

4.      To make matters worse, GEICO additionally breaches the Collision and Comprehensive coverages of the Policy and violates Ohio law by failing to unconditionally pay, as part of cash settlements, the minimum $4.50 license tax required by OHIO REV. CODE § 4503.2 ("license fee") and the $15 fee for certificate of title required by OHIO REV. CODE §§ 4505.06(2) & 4505.9 ("title fee")  charged by the State of Ohio in connection with the transfer of title and license to a new vehicle ("title/license fees") and the "Documentary Service Charge" required to be disclosed and capped by  OHIO REV. CODE §§ 4517.261 & 1317.07 ("dealer fees") charged by every car dealer

in Ohio. The foregoing fees constitute part of the "actual cost to purchase a comparable automobile" under Ohio Admin. Code § 3901-1-54(H)(7), just like sales tax, and fall within the Policy's definition of "actual cash value," so they must be paid pursuant to the Policy and § 3901-1-54(H)(7). In breach of the Policy and violation of Ohio law, GEICO conditions payment of the $15 title fee on the insured's purchase of a new vehicle within 30 days after the total loss payment and provision to it of documentation of same within 33 days after the total loss payment. GEICO refuses to pay the $4.50 license transfer fee or dealer fees pursuant to the Policy.

5.      Desai and the Class are therefore in doubt as to their rights under the Policy with GEICO and seek a declaratory judgment that (1) the Policy does not allow GEICO to adjust and pay total loss claims using the CCC system; (2) GEICO must pay the $4.50 license fee under the Policy; (3) GEICO cannot place any conditions on payment of the $15 title fee under the Policy; and (4) GEICO must pay dealer fees under the Policy.

6.      Desai and the Class also bring a breach of contract cause of action for GEICO's failure to pay them $4.50 in license fees.

7.      Additionally, Desai and the Class bring a breach of contract cause of action on behalf of (a) all Class members to whom GEICO never paid the $15 title fee because they never purchased a replacement vehicle or did not timely submit documentation of same, and (b) all Class members to whom GEICO only paid the $15 title fee after they purchased a replacement vehicle.

8.      Finally, Desai and the Class also bring breach of contract causes of action to recover the damages they suffered as a result of (a) GEICO's use of the CCC system, and (b) GEICO's refusal to pay dealer fees.

**Jurisdiction, Parties, Venue**

9.      This is an action asserting class claims for declaratory relief and damages pursuant to Ohio

Rule of Civil Procedure 23(B)(1)(a), (2) and/or (3).

10.     This Court has jurisdiction because Desai and the Class seek declaratory relief and because

the amount in controversy exceeds $25,000, exclusive of interest, costs, and attorneys' fees.

11.     Plaintiff Milind Desai is, and at all material times has been, a resident of Ohio and insured

by GEICO.

12.     At all times material hereto, GEICO was in the business of selling automobile insurance

and adjusting and settling automobile insurance claims, including the sale of Collision and

Comprehensive coverages and adjustment and payment of first-party total loss claims under those

coverages.  GEICO may be served with process through its registered agent for the service of

process in Ohio, CT Corporation System, located at 4400 Easton Commons Way, Columbus, OH

43219.

13.     Pursuant to Ohio Civ. R. 3(C)(6) & (12), venue is proper in Cuyahoga County, Ohio,

because Desai's causes of action arise in Cuyahoga County and he resides in the county.

14.     All conditions precedent to the maintenance of this action have occurred, have been

performed, have been waived, or GEICO is estopped from asserting them, including, but not

limited to the following Policy provisions (to the extent they constitute conditions precedent to

maintaining this action): Section III-Physical Damage Coverages, Conditions, Notice, Assistance

and Cooperation of the Insured, Action Against Us, and Insured's Duties in the Event of Loss.

**Facts Common to Desai and the Class**

15.     GEICO insured Desai and all the other members of the Class for Collision and

Comprehensive coverage using Form A-30-OH (10-09) policy form, combined with "Automobile

Policy Amendment Ohio" nominated as Form A54OH (06-14); (together, the "Policy"). The Policy provides, in pertinent part, as follows:

## SECTION III – PHYSICAL DAMAGE COVERAGES

**DEFINITIONS**

1. ***Actual cash value*** is the replacement cost of the auto or property less ***depreciation*** or ***betterment.***
. . .

3. ***Collision*** means ***loss*** caused by upset of the covered auto or its collision with another object, including an attached vehicle.
. . .

7. ***Loss*** means direct and accidental loss of or damage to**:**
    (a) the auto, including its equipment; or
    (b) other insured property.
. . .

**LOSSES WE WILL PAY FOR YOU**
**Comprehensive (Excluding *Collision*)**
1. We will pay for each ***loss***, less the applicable deductible, caused other than by ***collision***, to the ***owned*** or ***non-owned auto***.
. . .

***Collision***
1. We will pay for ***collision loss*** to the ***owned*** or ***non-owned auto*** for the amount of each ***loss*** less the applicable deductible.
. . .

**LIMIT OF LIABILITY**
The limit of our liability for ***loss***:
1. is ***the actual cash value*** of the property at the time of the ***loss***.
2. the prevailing competitive cost to repair or replace the property at the time of **loss** . . . .
. . .

**CONDITIONS**
. . .

**7.** PAYMENT OF *LOSS*

We may at our option:
    (a)  pay for the *loss*; or
    (b)  repair or replace the damaged or stolen property.

. . .

## SECTION V – GENERAL CONDITIONS

15. TERMS OF POLICY CONFORMED TO STATUTES
    Any terms of this policy in conflict with the statutes of Ohio are amended to conform to those statutes.

16.    Pursuant to the Limits of Liability for the Collison coverage of the Policy and Ohio Admin. Code § 3901-1-54(H)(7), GEICO has the right when presented with a claim for damages to a vehicle where the cost to repair would be greater than its actual cash value minus its salvage value to declare the vehicle a total loss and pay the lesser actual cash value.  Of course, when a vehicle is stolen and not recovered, it is a total loss, and GEICO must pay the actual cash value.

17.    When GEICO declares a vehicle a total loss, it must pay its insureds the vehicle's actual cash value as defined in and pursuant to Ohio Admin. Code § 3901-1-54(H)(7) because, to the extent that the Policy on its face is in any way inconsistent with that statute, its own terms and Ohio law compel that it be amended to conform to the statute. Thus, if GEICO elects to pay a cash settlement, as it did in Desai's claim, it must pay "the actual cost to purchase a comparable automobile," which cost "may be derived from: . . . [t]he cost as determined from a generally recognized used motor vehicle industry source such as: . . . [a]n electronic database . . . ." Ohio Admin. Code § 3901-1-54(H)(7)(d)(i). This cash payment is independent of what the policyholder ends up spending, if anything.  In fact, the policyholder may simply keep the cash payment and never replace the total loss vehicle. The Policy is not inconsistent with the statute as to what GEICO must pay, because it provides that GEICO will pay the "actual cash value" of the totaled

vehicle, which the Policy and Ohio common law define as "the replacement cost of the auto or property less depreciation or betterment."

18.     GEICO used the CCC system to determine the actual cash value of Desai's vehicle as it does with all its Ohio automobile insurance policyholders who suffer total losses. The CCC system has the capability to provide a variety of methods for calculating total loss vehicle values which can be chosen by its licensees, here GEICO. Accordingly, in this Complaint, "CCC system" refers to the version of this system used by GEICO.

19.     The CCC system provides total loss valuations automatically based on supposedly comparable vehicle data contained in its computer system and data on the insured's total loss vehicle entered into it by GEICO's adjusters through a computer interface. Among that data entered into the CCC system are the total loss vehicle's Vehicle Identification Number ("VIN"), which provides the vehicle make, model, configuration (e.g., number of doors, engine size, equipment and options), the mileage and the license plate number.

20.     The CCC system starts by automatically calculating a "Base Vehicle Value" for the total loss vehicle, as described below, which it adjusts based on the condition of the total loss vehicle. Specifically, GEICO's adjusters rate the condition of nine components (mechanical, tires, paint, body, glass, seats, carpets, dashboard, and headliner) of the total loss vehicle as "Rough," "Average Private," "Dealer Retail," or "Exceptional," with the goal of adjusting the value of the total loss vehicle to the value of the same vehicle in "Average Private" condition. If a component is rated "Rough," it results in a downward adjustment to the vehicle's "Base Vehicle Value." If a component is rated "Average Private," no adjustment is made. And, if a component is rated "Dealer Retail" or "Exceptional," it results in an upward adjustment to the total loss vehicle's "Base Value." Effectively, then, the baseline condition used for total loss vehicles is "Average Private"

condition. GEICO's adjusters also have the option to make customized adjustments based on the unique condition of specific components. The CCC system calls the result of taking the "Base Vehicle Value" and making these "total loss vehicle component condition adjustments" the "Adjusted Vehicle Value." GEICO subtracts the insured's deductible from the "Adjusted Vehicle Value" to calculate the "Total." GEICO pays this "Total" to the insured.

21.     The "Base Vehicle Value" is derived by searching the prices advertised by dealers on websites like Autotrader.com, Truecar and dealer websites for anywhere from three to twelve (typically nine to twelve) "comparable vehicles" located as close as possible to the insured's residence, adjusting the advertised prices up or down based on mileage, optional equipment and a "Uniform Condition Adjustment" (see below) and then calculating a weighted average of the adjusted prices. According to CCC, the weighting is based on four factors (i) "source of the data (such as inspected versus advertised), (ii) similarity (such as equipment, mileage, and year), (iii) proximity to the loss vehicle's primary garage location, and (iv) recency of information." Upon information and belief, the CCC system omits some of the highest priced comparable vehicles in the area to decrease the "Base Vehicle Value."

22.     The supposed purpose of applying the "Uniform Condition Adjustment" to all of the comparable vehicles is to adjust the comparable vehicles to the "Average Private" condition which is used as the baseline condition for the total loss vehicle. To do this, the CCC system assumes all of the "comparable vehicles" being offered for sale via a retail advertisement have an overall condition of "Dealer Retail" and it makes a uniform downward price adjustment to all of them to supposedly find their values if they were only in "Average Private" condition like the total loss vehicle after adjustments. This assumption that all of the "comparable vehicles" are in "Dealer Retail" condition is unwarranted, because CCC personnel, on average, inspect zero to four of the

"comparable vehicles" used in a valuation, so they have no actual knowledge of the conditions of virtually all of the "comparable vehicles."

23.     This systematic downward adjustment, which Desai terms the "Uniform Condition Adjustment," results in a flat and uniform value decrease for each of the "comparable vehicles," thereby lowering the average adjusted prices for the "comparable vehicles," and thereby lowering the total loss vehicle's "Base Vehicle Value."   The CCC system's application of downward adjustments of the exact same dollar amounts to "comparable vehicles" with advertised prices that differ by thousands of dollars could not possibly serve its stated purpose, because vehicles with such different advertised prices could not conceivably all be adjusted to "Average Private" condition from supposedly "Dealer Retail" condition by the exact same dollar amount reduction.

24.     Accordingly, GEICO's use of "Uniform Condition Adjustments" to supposedly reduce "comparable vehicles" from an assumed "Dealer Retail" condition to an "Average Private" condition when creating the "Base Vehicle Value" is not calculated to and does not result in the actual cost to purchase a comparable automobile. Further, if CCC's assumption that **all** or even the majority of dealer cars have a condition of "Dealer Retail" is correct, then such vehicles realistically constitute the comparable motor vehicles available to purchase by an insured at retail, and their "actual cost" should not be adjusted downward to the "Average Private" condition under the terms of Ohio Admin. Code § 3901-1-54(H)(7)(d) and the conformed Policy. Simply put, the use of "Uniform Condition Adjustments" by GEICO is illegitimate, in breach of the Policy, and in violation of Ohio law.

25.     The CCC system's methodology is different from that of the two most well-known sources of used car values that are generally recognized in the used motor vehicle industry, NADA and KBB.  The NADA and KBB databases use actual sales data, not "adjusted" advertised prices, from

a multi-state region.  They each provide a "retail clean" or "dealer" value, which would be the appropriate value to use given that Ohio Admin. Code § 3901-1-54(H)(7) requires actual cash value to be based on the actual cost to purchase a comparable vehicle. Regardless of the reasons, in the vast majority of cases, the CCC methodology results in "Adjusted Vehicle Values" that are lower than the NADA and KBB retail clean or dealer values.  Indeed, upon information and belief, CCC presents marketing materials, workshops, and training to prospective, and current, insurance company clients stating that the average market value as determined by the CCC system will result in lower total loss valuations and indemnity savings. GEICO claims adjusters could in every case, including Desai's case here, obtain the NADA retail clean value contemporaneous to the date of loss through NADA's free online database, but GEICO chooses not to do so based upon its uniform, pre-determined company policy to exclusively use the CCC system. Significantly, NADA offers subscribers to its electronic database the ability to obtain retail clean values at any specific dates in the past ten (10) years.

26.     The CCC system generates a CCC ONE Market Valuation Report ("CCC Report") setting forth the CCC system valuation which GEICO provides to its total loss policyholders.  This report is retained in GEICO's electronic claims records.  Despite having the ability to value total loss claims using the NADA electronic database, GEICO uniformly refuses to do so.  In fact, upon information and belief, GEICO refused to negotiate the "Base Vehicle Value" calculated by the CCC system.

27.     The CCC system does not comply with Ohio Admin. Code § 3901-1-54(H)(7)(d) and, thus, breaches the Collision and Comprehensive coverages of the Policy for three major reasons.  First, the CCC system is not based upon the "actual cost to purchase a comparable automobile" because it uses adjusted advertised prices and not actual sales data.  The plain meaning of the word "cost"

requires use of sales data. Second, it is not "a generally recognized used motor vehicle industry source" for the "actual cost" of used motor vehicles. Indeed, the CCC system is not available to consumers, and it is not marketed to the used motor vehicle industry—car dealers and brokers. Rather, CCC focuses on selling the CCC system as a subscription service to insurance companies, which are not part of the used motor vehicle industry. And, indeed, insurance companies are virtually the only entities which use the CCC system. Third, the CCC system's selective exclusion of the "comparable vehicles" with the highest advertised prices and its use of systematic downward "Uniform Condition Adjustments" does not result in actual costs.

28.     While GEICO may try to argue otherwise, the CCC system is also not designed to and does not comply with Ohio Admin. Code § 3901-1-54(H)(7)(a). When that provision states that "the actual cost to purchase a comparable automobile… may be derived from:…[t]he average cost of two or more comparable automobiles in the local market area if comparable automobiles are or were available to consumers within the last ninety days . . . ," it means **the actual cost** of buying the vehicles, which could only be determined by the actual sales prices of such vehicles. This provision does not provide for use of an electronic database or system at all, much less one that does not use sales prices but rather mere advertised prices subject to automated deductions calculated to decrease the value of vehicles below actual cost.

29.     Further, despite any GEICO claim to the contrary, the CCC system is not designed to and does not comply with Ohio Admin. Code § 3901-1-54(H)(7)(c). It does not obtain "quotations" from dealers—the actual prices for which they commit to sell the cars. Rather, it takes advertised prices and makes illegitimate "Uniform Condition Adjustments" to those advertised prices, as requested by GEICO.

30.     Ohio Admin. Code § 3901-1-54(H)(2) provides as follows:

(2) If an insurer reduces a claim amount because of betterment, depreciation or comparative negligence, it shall maintain all information pertaining to the reduction in the claim file. Such deductions shall be itemized and specified on the written estimate as to dollar amount and shall be appropriate for the amount of deductions.

31.     Because the Uniform Condition Adjustments purportedly reflect the difference in value between the "Dealer Retail" comparable vehicles and the "Average Private" conditions of the total loss vehicles and they reduce the values of the comparable vehicles averaged together to calculate the "Base Vehicle Value," they constitute a reduction of the "claim amount because of . . . depreciation" to the total loss vehicles, given the Policy's explanation of "an adjustment for depreciation." Thus, § 3901-1-54(H)(2) requires GEICO to maintain in each insured's claim file information showing the basis for and calculation of the Uniform Condition Adjustments in accurate amounts. GEICO does not do so, as those deductions are calculated automatically by the CCC system based on data in the CCC system and proprietary CCC algorithms. GEICO may not make the deductions without maintaining the necessary information in its claim files, so its practice of making the deductions breaches the Policy.

32.     As the CCC Report exclusively uses dealer advertised prices to calculate the Base Values of total loss vehicles, GEICO clearly contemplates and admits that its insureds will typically buy replacement vehicles from dealers, making amounts charged by dealers relevant to replacement costs and, thus, to "actual cash value." Indeed, the CCC Report states that "[t]he total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account." In Ohio, the "actual cost to purchase a comparable automobile" (as required by the statute) and the "actual cash value" (as required by the Policy) necessarily include numerous fees, including title/license fees, because the State of Ohio requires a dealer to collect those amounts in connection with the sale and registration of a used motor vehicle. The "actual cost to purchase a comparable vehicle" also includes dealer fees, because virtually no car dealer in the State of Ohio

will sell a vehicle without charging them. GEICO does not pay title fees unless insureds replace the Covered Vehicles within 30 days of the total loss payment and provide documentation of same to it within 33 days. GEICO does not pay license fees or dealer fees at all.

### Facts as to GEICO's Treatment of Desai

33.     On or about March 19, 2017, Desai's vehicle ("Covered Vehicle"), a 2014 Audi A6 Premium Plus Quattro 4D, was involved in a motor vehicle accident which rendered the vehicle a total loss. At that time, Desai was a contracting party and named insured under the Policy issued by GEICO, which was in full force and effect.

34.     Desai soon thereafter made a claim with GEICO for payment on his Covered Vehicle. In a letter dated March 24, 2017, GEICO affirmed Collision coverage for the Covered Vehicle as a total loss. The letter also explained that GEICO's offer to pay $29,039 originated from GEICO's CCC Report for the Covered Auto ("the CCC Report"), available on GEICO's website. A redacted copy of the total loss settlement letter is attached hereto as Exhibit A.

35.     The CCC Report stated an "Adjusted Vehicle Value" of the Covered Vehicle of $29,139. This value represented a "Base Vehicle Value" of $27,693, plus a "condition adjustment" of +$1,446 for the condition of the Covered Vehicle. The CCC system calculated the "Base Vehicle Value" of $27,693 by averaging the adjusted prices of twelve "comparable vehicles," only one of which CCC claimed to have inspected. The advertised prices of the "comparable vehicles" ranged from a low of $24,899 to a high of $37,995. Despite this huge variance in advertised price, the CCC system applied a "Uniform Condition Adjustment" of -$1,723 to all twelve "comparable vehicles" used to calculate the "Base Vehicle Value." Neither the settlement explanation letter nor the CCC Report contained an adjustment for or offered to pay dealer or title/license fees. A copy of the CCC Report is attached hereto as Exhibit B.

36.     A NADA report showed that the clean retail or dealer value of the Covered Vehicle was in fact $29,300 for a non-dealer certified vehicle. A true and correct copy of the NADA report is attached hereto as Exhibit C. Thus, Desai's vehicle was undervalued by approximately $161, not including an additional $12.88 of applicable sales tax on this additional value, $4.50 in title fees, $15.00 in title fees (or interest on the $15.00 title fees, if GEICO delayed the payment), and the amount of the most frequently charged dealer fees in Ohio, most likely the statutory maximum of $250.

37.     On June 25, 2019, on behalf of himself and all similarly situated GEICO Ohio automobile policyholders, Desai served GEICO with a letter informing GEICO that GEICO's adjustment of his total loss claims violated Ohio law and the Policy in several ways. First, Desai advised GEICO that its use of the CCC system did not satisfy the requirements of Ohio Admin. Code § 3901-1-54(H)(7)(d) and the Policy because the CCC system is not a "generally recognized used motor vehicle source," and he requested it recalculate the value of his vehicle using such a source and pay him any differences between such value and the value calculated by the CCC system, plus any additional sales tax resulting from the increased value. Desai also requested that GEICO do the same for all its Ohio policyholders to whom it paid total loss claims in the last eight years. As of the time of filing this complaint, GEICO has not replied to the demand letter. A copy of the June 25, 2019 coverage demand letter is attached hereto as Exhibit D.

38.     In his coverage demand letter, Desai further requested that GEICO pay him (1) the $4.50 license fee charged by the State of Ohio in connection with the transfer of registration to a new vehicle; and (2) the statutory maximum of $250 in dealer fees that are charged by the overwhelming majority of auto dealers in Ohio which GEICO could reasonably anticipate he would have to pay if he purchased a replacement vehicle. Desai also requested that GEICO do the

same for all its Ohio policyholders to whom it paid total loss claims in the last eight years.  Finally, Desai requested that GEICO pay $15 in title fees to all of its total loss policyholders in Ohio to whom it has not previously paid such fees in the last eight years.

39.     Desai and the Class are in doubt of their rights as to whether their vehicles were valued with a method that complied with Ohio Admin. Code § 3901-1-54(H)(7) and the Collision and Comprehensive coverages of the Policy.

40.     Desai and the Class are further in doubt of their rights as to whether Ohio Admin. Code § 3901-1-54(H)(7) and the Policy require unconditional payment of dealer fees and title/license fees by GEICO.

<u>**Class Action Allegations**</u>

41.     Pursuant to Ohio Rule of Civil Procedure 23(B)(1)(a), (2) & (3), Desai brings Count I of this action for declaratory judgment on his own behalf and on behalf of the Class defined below. Pursuant to Rule 23(B)(1)(a) & (3), he brings Counts II, III, IV, and V for breach of contract on his own behalf and on behalf of the Class defined below.

42.     The Class consists of and is defined as all individuals who: (a) on or after eight years before the date this Complaint is filed; (b) are or were covered by a GEICO Ohio personal automobile insurance policy; (c) made a claim under the Collision or Comprehensive coverage of that policy for damage or loss to a covered vehicle which GEICO accepted and treated as a total loss claim; and (d) GEICO paid the claim or offered to pay the claim (which offer remains unaccepted) on a cash settlement basis with the actual cash value derived from the CCC system  (hereafter the "Class"). The class period will be from eight years before the date this Complaint is filed to the date of class certification (hereinafter the "Class Period").

43.     Desai reserves the right to amend the Class and/or add sub-class definitions as discovery proceeds and to conform to the evidence.

44.     While the exact number of Class members is unknown at this time, Desai submits, based upon his counsel's representation of automobile accident victims in Ohio, that there are at least a hundred GEICO policyholders spread throughout the State of Ohio who are potential Class members in this action.   Accordingly, separate joinder of all Class members would be impracticable.

45.     This action poses questions of law and fact that are common to and affect the rights of all members of the Class. Such questions of law and fact common to the Class include, but are not limited to, the following:

    a.  Whether GEICO's use of the CCC system to adjust and pay first-party motor vehicle total loss claims breaches the Policy and violates Ohio law?

    b.  Whether GEICO's refusal to pay dealer fees breaches the Policy and violates Ohio law?

    c.  Whether GEICO's refusal to pay license fees breaches the Policy and violates Ohio law?

    d.  Whether GEICO breaches the Policy and violates Ohio law by refusing to pay title fees unless the insured buys a replacement vehicle within 30 days of the total loss payment and submit documentation of same to it within 33 days?

    e.  Whether Desai and the other Class members were damaged by GEICO's use of the CCC system in the amount of the difference between the "Base Vehicle Value" of the total loss vehicle and the NADA clean retail or dealer value for the vehicle, plus the additional sales tax on that amount?

    f.   Alternatively, whether Desai and the other Class members were damaged by GEICO's use of the CCC system in the amount of the difference between the "Base Vehicle Value" of the total loss vehicle and the "Base Vehicle Value" calculated by the CCC system without use of the Uniform Condition Adjustments, plus the additional sales tax on that amount?

    g.   Whether Desai and the other Class members were damaged in the amount of the title fees, license fees, and dealer fees that GEICO refused to pay? and

    h.   Whether Desai and the other Class members are entitled to a declaration of their rights under the Policy and Ohio law?

46.    Desai's claims are typical of the claims of the other members of the Class, because they all arise out of the exact same policies and practices of GEICO and under the exact same theories of law.

47.    Desai will adequately represent the Class, because he and the undersigned counsel he has retained have no conflicts of interest with the other Class members, he is ready, willing and able to represent the Class, and the undersigned retained attorneys are very experienced class action practitioners with extensive experience in prosecuting class actions against automobile insurers.

48.    Desai and the Class's declaratory judgment and breach of contract causes of action may be maintained as a class action pursuant to Rule 23(B)(1)(a), because the prosecution of separate claims by individual Class members would create a risk of inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for GEICO. For example, the court in one case might rule that GEICO must pay dealer fees while another might rule that it does not have to do so. GEICO would be left in an untenable

legal limbo in such an event, because GEICO necessarily must interpret and pay claims pursuant to a form policy in the same manner to all its customers insured under that form policy.

49.     Desai's declaratory judgment cause of action may also be maintained as a class action pursuant to Rule 23(B)(2), because GEICO has acted and refused to act on grounds generally applicable to all members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate. Specifically, GEICO has in the past and will in the future adjust total loss claims the exact same way in breach of the Policy and in violation of Ohio law, making declaratory relief for the Class as to its members' rights under the Policy and Ohio law appropriate.

50.     Desai's declaratory judgment and breach of contract causes of action may also be maintained as a class action pursuant to Rule 23(B)(3), because the questions of law or fact common to Desai and the Class predominate over any questions of law or fact affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As demonstrated by paragraph 45 above, all the questions necessary for resolution of GEICO's liability to Desai and the Class are common. The only individual issues are the amounts of damages, and they may be calculated on a mechanical, ministerial basis without the need for the trier of fact to individually decide them.

51.     More specifically, the damages to each Class member from GEICO's use of the CCC system can be calculated by subtracting the "Base Value' from the NADA value. To the extent any NADA values are not already in GEICO's possession, they can be obtained from the NADA system. Alternatively, the damages for each Class member can be calculated by simply running their claims again through the CCC system without inclusion of the Uniform Condition Adjustments. In addition, the damages to each Class member from GEICO's failure to pay the license transfer fee are $4.50. The damages to each Class member from GEICO's failure to

unconditionally pay the $15 title fee are either (a) $15 because GEICO never paid it or (b) the interest accrued on the $15 because GEICO delayed payment until the Class member purchased a replacement vehicle.  For those Class members to whom GEICO made a delayed payment for title fees, the interest can be calculated by determining the time period between when the Class member received the total loss payment and when the same member received the title fee payment and then multiplying $15 by the appropriate interest rate for that time period.

52.     A class action is superior because the amounts recoverable by individual Class members are not sufficient to justify individual suits against a large corporation like GEICO which can be expected to vigorously defend every such suit as a matter of precedent. For that reason, Class members do not have a real interest in individually controlling their separate claims.  Further, the overwhelming majority of Class members do not even know they have such claims to sue over. This is demonstrated by the fact that there do not appear be any pending individual suits against GEICO in Ohio over these issues. Simply put, there are no alternatives to a class action to resolve this controversy.

53.     Even if individual suits were feasible and likely to be filed, it would be highly inefficient and a waste of the parties' and the court system's resources to repeatedly adjudicate the same factual and legal issues.  Plus, it could result in undesirable inconsistent adjudications as set forth above.  Thus, it is highly desirable to concentrate the litigation in this forum, which is well equipped to resolve the controversy for all Class members and GEICO.

54.     There are no unusual difficulties likely to be encountered in the management of this case as a class action.  Ohio law applies to all Class members' claims, and the legal issues are simple matters of statutory and contractual interpretation. All Class members are readily ascertainable from GEICO's records, including physical addresses and email addresses (in most cases), making

the provision of notice routine. And, as previously explained, damages are easily and readily calculable for each Class member on a mechanical, ministerial basis.

### Count I – Petition for Declaratory Judgment and Supplemental Relief

55.     Desai and the Class re-allege and incorporate by reference Paragraphs 1-54 above.

56.     This Count is an action for declaratory judgment and further relief pursuant to OHIO REV. CODE § 2721.02 and OHIO REV. CODE § 2721.09, respectively.

57.     A controversy exists presently between Desai, the Class, and GEICO as to (1) whether GEICO uses a vehicle valuation method that fails to comply with Ohio law and the Policy's Collison and Comprehensive coverages; (2) whether the same coverages require payment of license fees; (3) whether the same coverages require payment of dealer fees; and (4) whether the same coverages allow GEICO to place conditions on its payment of title fees.

58.     Desai and the Class are in doubt concerning their rights under the Policy's Collison and Comprehensive Coverage, and questions of construction or validity exist between Desai and the Class and GEICO concerning the proper interpretation of the express terms of the Policy issued by GEICO and Ohio law, and the parties' respective rights, status, or other legal relations thereunder.

59.     The rights, status, or other legal relations of the parties are affected by the express terms of the Policy and applicable law. Accordingly, pursuant to Chapter 2721, Ohio Statutes, Desai and the Class may obtain a declaration of their rights, status, or legal relations thereunder.

60.     OHIO REV. CODE § 2721.02 states that this Court "may declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." Therefore, this Court may declare the rights of Desai and the Class under the Policy and Ohio law regardless of whether they seek or the Court grants the further relief requested below.

61.     OHIO REV. CODE § 2721.03 states, "any person interested under a . . . written contract . . . or any person whose rights, status, or other legal relations are affected by a . . . statute [or] contract . . . may have determined any question of construction or validity arising under the . . . statute [or] contract . . . and obtain a declaration of rights, status, or other legal relations under it." Thus, the Court has jurisdiction to determine the rights of "any person" (such as Desai and the Class) who is in doubt about his rights under the Policy and any applicable laws.

62.     OHIO REV. CODE § 2721.04 states, "a contract may be construed by a declaratory judgment or decree either before or after there has been a breach of the contract." Under this statute, the Court has jurisdiction to determine whether GEICO has violated the terms of the Policy and applicable law and whether its conduct will violate the Policy and applicable law in the future.

63.     OHIO REV. CODE § 2721.09 provides that the Court may grant further relief based on a declaratory judgment.

64.     OHIO REV. CODE § 2721.10, Ohio Statutes states, "when an action or proceeding in which declaratory relief is sought under this chapter involves the determination of an issue of fact, that issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the action or proceeding is pending." Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 2721.

65.     A determination of the rights of Desai and the Class under the Policy and Ohio law regarding the Policy's Collision and Comprehensive coverages for the underlying total loss claims will terminate the controversies specified in the previous paragraphs.

66.     Desai and the Class now petition this Court for a declaration that GEICO's use of the CCC System is an invalid method of valuing vehicles under Ohio Admin. Code § 3901-1-54(H)(7) and

the Policy. They also seek further relief in the form of an order that GEICO must recalculate their total loss claims using a method that complies with Ohio Admin. Code § 3901-1-54(H)(7) and make them new offers based upon the same if the recalculated amounts exceed the amounts paid based on the CCC system.

67.     Desai and the Class additionally petition this Court for a declaration that Ohio Admin. Code § 3901-1-54(H)(7) and the Policy require 1) payment of the amount of dealer fees most frequently charged by auto dealers in Ohio, most likely the statutory maximum fees of $250; (2) payment of license fees; and (3) unconditional payment of title fees as part of a total loss payment.

### Count II – Class Action for Breach of Contract Based on License Fees

68.     Desai and the Class re-allege and incorporate by reference Paragraphs 1-54 above.

69.     The Policy constituted binding contracts between GEICO and Desai and the other Class members.  By its own terms and Ohio law, to the extent the Policy's express terms regarding the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value vary from the provisions of Ohio Admin. Code § 3901-1-54(H)(7)(d)(i), it is deemed amended to conform with that statute.

70.     As explained above, by refusing to pay Desai and the Class $4.50 in license fees owed to them under Ohio law, GEICO breached the Policy. Such breach proximately injured Desai and each Class member in this amount.

### Count III – Breach of Contract Based on Title Fees

71.     Desai and the Class re-allege and incorporate by reference Paragraphs 1-54 above.

72.     The Policy constituted binding contracts between GEICO and Desai and the other Class members.  By its own terms and Ohio law, to the extent the Policy's express terms regarding the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value

vary from the provisions of Ohio Admin. Code § 3901-1-54(H)(7)(d)(i), it is deemed amended to conform with that statute.

73. As explained above, by conditioning payment of the $15 title fees on the Class members' purchase of a replacement vehicle, GEICO breached the policy. Such breach proximately injured Desai and each Class member (1) in the amount of the $15 title fee GEICO never paid; or (2) in the amount of interest accrued on the $15 between the time when the Class member received the total loss payment and when the Class member eventually received the $15 title fee from GEICO.

## Count IV - Class Action for Breach of Contract by Use of the CCC System

74. Desai and the Class re-allege and incorporate by reference Paragraphs 1-54 above.

75. The Policy constituted binding contracts between GEICO and Desai and the other Class members. By its own terms and Ohio law, to the extent the Policy's express terms regarding the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value vary from the provisions of Ohio Admin. Code § 3901-1-54(H)(7)(d)(i), it is deemed amended to conform with that statute.

76. As explained above, by using the CCC system to adjust and settle the first-party motor vehicle total losses of Desai and the Class, GEICO breached the Policy as to them. Such breach proximately injured Desai and each Class member in the amount of the difference between the "Base Vehicle Value" calculated by the CCC system for the Class member's total loss vehicle and the NADA database retail clean or dealer value for the vehicle plus the additional sales tax on that amount. Alternatively, the breach proximately injured each in the amount of the difference between the "Base Vehicle Value" of the total loss vehicle and the "Base Vehicle Value" calculated by the CCC system without use of the Uniform Condition Adjustments plus the additional sales tax on that amount.

### Count V - Class Action for Breach of Contract Based on Dealer Fees

77.     Desai and the Class re-allege and incorporate by reference Paragraphs 1-54 above.

78.     The Policy constituted binding contracts between GEICO and Desai and the other Class members. By its own terms and Ohio law, to the extent the Policy's express terms regarding the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value vary from the provisions of Ohio Admin. Code § 3901-1-54(H)(7)(d)(i), it is deemed amended to conform with that statute.

79.     As explained above, by refusing to pay Desai and the Class the dealer fees they would presumptively incur, GEICO breached the Policy. Such breach proximately injured Desai and each Class member in the amount of dealer fees most frequently charged in Ohio, most likely the statutory maximum of $250.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Milind Desai and the Class respectfully request the Court to award them the following relief against GEICO:

a.      Issue an order certifying that this action is properly maintainable as a class action under Rule 23(B)(1)(a), (2) and/or (3) and appointing Desai to represent the Class defined herein;

b.      Issue an order appointing the undersigned law firms as class counsel;

c.      Grant a judgment pursuant to Count I against GEICO to Desai and the other members of the Class declaring the parties' respective rights, status, and legal relations under the Policy and Ohio law and ordering further relief as set forth above.

d.      Grant a judgment pursuant to Count II, III, IV, and/or V against GEICO awarding Desai and the other members of the Class damages for breach of contract as set forth above;

e.  Grant a judgment pursuant to Counts II, III, IV, and V against GEICO awarding Desai and the Class pre-judgment and post-judgment interest at the maximum rates permissible at law or in equity; and

f.  Grant a judgment against GEICO awarding Desai and the Class all such other and further relief, general or special, legal or equitable, to which they may be justly entitled, including attorneys' fees.

### JURY DEMAND

Plaintiff Desai and the Class hereby demand a trial by jury on all the issues so triable.

Respectfully Submitted,

*/s/Drew Legando*
Drew Legando (0084209)
Tom Merriman (0040906)
Edward S. Jerse (0013155)
Thomas Hobbs (0098446)
**MERRIMAN LEGANDO WILLIAMS &
KLANG, LLC**
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
 Fax: (216) 522-0007
drew@merrimanlegal.com
tom@merrimanlegal.com
edjerse@merrimanlegal.com
hobbs@merrimanlegal.com

and

Roger L. Mandel, Tex. Bar No. 12891750
(will apply for admission pro hac vice)
**JEEVES MANDEL LAW GROUP, P.C.**
12222 Merit Dr Suite 1200
Dallas, TX 75251
Telephone: (214) 762-1036
rmandel@jeevesmandellawgroup.com

and

Scott R. Jeeves, Esquire FBN 0905630
(will apply for admission pro hac vice)
**THE JEEVES LAW GROUP, P.A**.
954 First Avenue North
St. Petersburg, FL 33705
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com

and

Craig E. Rothburd, Esquire FBN 49182
(will apply for admission pro hac vice)
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606
Telephone: (813) 251-8800
crothburd@e-rlaw.com

and

Casim Adam Neff, Esquire FBN 94030
(will apply for admission pro hac vice)
**Neff Insurance Law, PLLC**
P.O. Box 15063
St. Petersburg, FL 33733-5063
Telephone: (727) 342-0617
cneff@neffinsurancelaw.com

and

Edward H. Zebersky, Esquire FBN 0908370
Mark S. Fistos, Esquire FBN 909191
(will apply for admission pro hac vice)
**ZEBERSKY PAYNE SHAW LEWENZ, LLP**
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
ezebersky@zpllp.com
mfistos@zpllp.com;

and

Alec H. Schultz, Esq. FBN 35022
Carly A. Kligler, Esq. FBN 83990
(will apply for admission pro hac vice)
**LEÓN COSGROVE, LLP**

255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1975
ashultz@leoncosgrove.com;
ckligler@leoncosgrove.com

**ATTORNEYS FOR PLAINTIFF MILIND
DESAI AND THE CLASS**

# **Exhibit A**

# GEICO

geico.com

**GEICO Casualty Company**

Attn: Salvage Department, PO BOX 13528
Macon, GA 31208-3528

3/24/2017

Milind Desai
29905 North Park Blvd
Solon OH 44139--1198

Dear Milind Desai,

The enclosed "Total Loss Settlement Explanation" is a breakdown of your vehicle's settlement. For your convenience, the Market Valuation is available on GEICO.com. The Net Settlement Amount is the Base Value of your vehicle, plus any applicable fees and adjustments. If you have any questions, please contact me at 216-496-8372. You can also access your claim information at GEICO.com.

Sincerely,

Ryan Mik
216-496-8372

Encl:   SHCL30 OH

EC0977 (12/2014)

## TOTAL LOSS SETTLEMENT EXPLANATION

| | |
|---|---|
| Date | March 24, 2017 |
| Accident Date | March 19, 2017 |
| Claim Number | 043473613-0101-053 |
| Company | GEICO Casualty Company |
| Vehicle | 2014 AUDI A6 Premium Plus Quattro |
| VIN | WAUGFAFC0EN081612 |

Dear: Milind Desai,

This is a brief explanation of your claim settlement:

| | | |
|---|---|---|
| Base Value | | $27,693.00 |
| Condition Adjustment | | $1,446.00 |
| Pre Tax Adjustment | | $0.00 |
| Tax | | $0.00 |
| Total Value | | $29,139.00 |
| State and Local Regulatory Fees | | $0.00 |
| Post Tax Adjustment | | $0.00 |
| Less Deductible | | $100.00 |
| Less Percent Negligent | 0% | $0.00 |
| Less Retention Amount | | $0.00 |
| Net Settlement Amount | | $29,039.00 |
| Towing Charges | | $0.00 |
| Storage Charges | | $0.00 |

State law requires that owners of total loss or salvage motor vehicles apply for a salvage certificate within 10 days after a total loss settlement.

Does Apply ☐                    Does Not Apply ■

Any state sales tax due the owner through replacement of the vehicle will be considered when notice is given and purchase invoice presented.

Does Apply ☐                    Does Not Apply ■

In accordance with the Ohio Department of Insurance Regulations, I am advising you of your rights and our procedures for collection of sales tax and title fees for your total loss settlement. If you replace your totaled vehicle within 30 days of receiving payment from us you are entitled to recover sales tax and title fees based on the value of your totaled vehicle. If you purchase a vehicle with a market value less than the amount of your total loss settlement, you are entitled to recover sales tax and title fees in the amount actually incurred for your replacement vehicle.

If you replace your totaled vehicle within 30 days of receiving payment, please fax a copy of the bill of sale for your newly acquired vehicle to **(202) 354-4691**. Please be sure that the paperwork you fax clearly indicates your name, the sales tax and title fees you paid for your replacement vehicle and the contact information for the dealer or individual from whom you purchased your vehicle. Additionally, please write your claim number (listed above) on the bill of sale prior to faxing the document to our office. **Please fax this letter with your bill of sale for tracking purposes.**

Upon receipt of the necessary paperwork, we will promptly make payment for your tax and title fees as outlined above.

Electronically Filed 08/06/2019 10:56 / / CV 19 921035 / Confirmation Nbr. 1808726 / CLAJB

It has been my pleasure to serve you. Should you have any questions, please contact me at the number listed below.

Adjuster Ryan Mik                    Telephone No. 216-496-8372

Customer's Signature  _____

# **Exhibit B**

# Looking for a no-hassle pricing on New or Used Car?

The GEICO Car Buying Service is here to help.



Shop with confidence and save, discovering great deals.

# We'll get you back on the road fast!

The GEICO Car Buying Service provides:

- TrueCar® Certified Dealers dedicated to providing a no-hassle car buying experience.
- What others paid for new vehicle in your area so you don't overpay.
- A way to easily view and compare thousands of new and used vehicles online.
- TrueCar® representatives available to help you through the entire process.

A service you can trust when you need it most



*Visit us today at www.geico.com/replacemycar
or call 877-638-4126*

Your actual savings may vary based on multiple factors including the vehicle you select, region, dealer, and applicable manufacturer incentives.
This no obligation program is administered by TrueCar, Inc.



# CCC ONE® MARKET VALUATION REPORT

*Prepared for GEICO*



# REPORT SUMMARY

## 🏍 CLAIM INFORMATION

| | |
|---|---|
| Owner | Desai, Milind |
| | 29905 North Park Blvd |
| | Solon, OH 44139 |
| Loss Vehicle | 2014 Audi A6 Premium Plus Quattro |
| Loss Incident Date | 03/19/2017 |
| Claim Reported | 03/21/2017 |

The CCC ONE® Market Valuation Report reflects CCC Information Services Inc.'s opinion as to the value of the loss vehicle, based on information provided to CCC by GEICO.

Loss vehicle has 9% greater than average mileage of 38,900.

## ⚖ INSURANCE INFORMATION

| | |
|---|---|
| Report Reference Number | 84066596 |
| Claim Reference | 0434736130101053-01 |
| Adjuster | Mik, Ryan |
| Odometer | 42,448 |
| Last Updated | 03/21/2017 11:40 AM |

## 🏷 VALUATION SUMMARY

| | |
|---|---|
| **Base Vehicle Value** | **$ 27,693.00** |
| Condition Adjustment | + $ 1,446.00 |
| **Adjusted Vehicle Value** | **$ 29,139.00** |
| **Value before Deductible** | **$ 29,139.00** |
| Deductible | - $ 100.00 |

| | |
|---|---|
| **Total** | **$ 29,039.00** |

The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account.

**BASE VEHICLE VALUE**

This is derived from comparable vehicle(s) available or recently available in the marketplace at the time of valuation, per our valuation methodology described on the next page.

**ADJUSTED VEHICLE VALUE**

This is determined by adjusting the Base Vehicle Value to account for the actual condition of the loss vehicle and certain other reported attributes, if any, such as refurbishments and after factory equipment.

### Inside the Report

Valuation Methodology............................. 2

Vehicle Information.................................... 3

Vehicle Condition...................................... 6

Comparable Vehicles.............................. 8

Valuation Notes...................................... 16

Supplemental Information....................... 17

**CCC◯ONE.  MARKET VALUATION REPORT**  | Owner: Desai, Milind
Claim: 0434736130101053-01

# VALUATION METHODOLOGY

**How was the valuation determined?**



**CLAIM INSPECTION**

GEICO has provided CCC with the zip code where the loss vehicle is garaged, loss vehicle VIN, mileage, equipment, as well as loss vehicle condition, which is used to assist in determining the value of the loss vehicle.



**DATABASE REVIEW**

CCC maintains an extensive database of vehicles that currently are or recently were available for sale in the U.S. This database includes vehicles that CCC employees have physically inspected, as well as vehicles advertised for sale by dealerships or private parties. All of these sources are updated regularly.

**SEARCH FOR COMPARABLES**

When a valuation is created the database is searched and comparable vehicles in the area are selected. The zip code where the loss vehicle is garaged determines the starting point for the search. Comparable vehicles are similar to the loss vehicle based on relevant factors.



**CALCULATE BASE VEHICLE VALUE**

Adjustments to the price of the selected comparable vehicles are made to reflect differences in vehicle attributes, including mileage and options. Dollar adjustments are based upon market research.

Finally, the Base Vehicle Value is the weighted average of the adjusted values of the comparable vehicles based on the following factors:

Source of the data (such as inspected versus advertised)
Similarity (such as equipment, mileage, and year)
Proximity to the loss vehicle's primary garage location
Recency of information



© Copyright 2016 CCC Information Services Inc. All Rights Reserved.  Page 2 of 20

 **MARKET VALUATION REPORT** | Owner: Desai, Milind
Claim: 0434736130101053-01

# 🚌 VEHICLE INFORMATION

## VEHICLE DETAILS

| | |
|---|---|
| Location | SOLON, OH 44139 |
| VIN | WAUGFAFC0EN081612 |
| Year | 2014 |
| Make | Audi |
| Model | A6 |
| Trim | Premium Plus Quattro |
| Body Type | Sedan |
| Engine - | |
| Cylinders | 4 |
| Displacement | 2.0L |
| Induction | Turbocharged |
| Fuel Type | Gasoline |
| Carburation | Gasoline Direct Injection |
| Transmission | Automatic Transmission 4 Wheel Drive |
| Curb Weight | 3957 lbs |

Vehicles sold in the United States are required to have a manufacturer assigned Vehicle Identification Number(VIN). This number provides certain specifications of the vehicle.

Please review the information in the Vehicle Information Section to confirm the reported mileage and to verify that the information accurately reflects the options, additional equipment or other aspects of the loss vehicle that may impact the value.

## VEHICLE ALLOWANCES

| | | |
|---|---|---|
| **Odometer** | 42,448 | - 562 |

Allowances are factors influencing the value of the loss vehicle when compared to a typical vehicle. The typical vehicle is a vehicle of the same year, make, and model as the loss vehicle, including average mileage, and all standard equipment. These allowances are displayed for illustrative purposes only.

The Base Vehicle Value is calculated from the comparable vehicles with adjustments to reflect the loss vehicle configuration

## VEHICLE HISTORY SUMMARY

| | |
|---|---|
| Experian AutoCheck | No Title Problem Found |
| Insurance Services Organization/ National Insurance Crime Bureau | 1 Record Found |
| National Highway Traffic Safety Administration | 1 Recall |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **MARKET VALUATION REPORT**

Owner: Desai, Milind
Claim: 0434736130101053-01

# 🚘 VEHICLE INFORMATION

## VEHICLE EQUIPMENT

| | | | |
|---|---|---|---|
| **Odometer** | 42,448 | | |
| **Transmission** | Automatic Transmission | ✔ | |
| | 4 Wheel Drive | ✔ | |
| **Power** | Power Steering | ✔ | |
| | Power Brakes | ✔ | |
| | Power Windows | ✔ | |
| | Power Locks | ✔ | |
| | Power Mirrors | ✔ | |
| | Power Driver Seat | ✔ | |
| | Power Passenger Seat | ✔ | |
| | Power Trunk/Gate Release | ✔ | |
| **Decor/Convenience** | Air Conditioning | ✔ | |
| | Climate Control | ✔ | |
| | Tilt Wheel | ✔ | |
| | Cruise Control | ✔ | |
| | Rear Defogger | ✔ | |
| | Intermittent Wipers | ✔ | |
| | Console/Storage | ✔ | |
| | Memory Package | ✔ | |
| | Navigation System | ✔ | |
| | Keyless Entry | ✔ | |
| | Telescopic Wheel | ✔ | |
| | Message Center | ✔ | |
| | Home Link | ✔ | |
| | Wood Interior Trim | ✔ | |
| **Seating** | Leather Seats | ✔ | |
| | Heated Seats | ✔ | |
| **Radio** | AM Radio | ✔ | |
| | FM Radio | ✔ | |
| | Stereo | ✔ | |
| | Search/Seek | ✔ | |
| | CD Player | ✔ | |

To the left is the equipment of the loss vehicle that GEICO provided to CCC.

✔ **Standard** This equipment is included in the base configuration of the vehicle at time of purchase.

🗒 **Additional** Equipment that is not Standard but was noted to be on the loss vehicle.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **MARKET VALUATION REPORT** | Owner: Desai, Milind
Claim: 0434736130101053-01

# 🚗 VEHICLE INFORMATION

## VEHICLE EQUIPMENT

|  |  |  |
|---|---|---|
|  | Steering Wheel Touch Controls | ✔ |
|  | Auxiliary Audio Connection | ✔ |
|  | Satellite Radio | ✔ |
| **Wheels** | Aluminum/Alloy Wheels | ✔ |
| **Roof** | Electric Glass Roof | ✔ |
| **Safety/Brakes** | Air Bag (Driver Only) | ✔ |
|  | Passenger Air Bag | ✔ |
|  | Anti-lock Brakes (4) | ✔ |
|  | 4-wheel Disc Brakes | ✔ |
|  | Front Side Impact Air Bags | ✔ |
|  | Head/Curtain Air Bags | ✔ |
|  | Backup Camera W/ Parking Sensors | ✔ |
|  | Rear Side Impact Air Bags | ✔ |
|  | Communications System | ✔ |
|  | Hands Free | ✔ |
|  | Xenon Headlamps | ✔ |
|  | Alarm | ✔ |
|  | Traction Control | ✔ |
|  | Stability Control | ✔ |
| **Exterior/Paint/Glass** | Dual Mirrors | ✔ |
|  | Heated Mirrors | ✔ |
|  | Tinted Glass | ✔ |
|  | Fog Lamps | ✔ |
|  | Signal Integrated Mirrors | ✔ |
|  | Clearcoat Paint | ✔ |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **MARKET VALUATION REPORT** | Owner: Desai, Milind
Claim: 0434736130101053-01

# 🚗 VEHICLE CONDITION

## COMPONENT CONDITION

| | Condition | Inspection Notes/Guidelines | Value Impact |
|---|---|---|---|
| Mechanical | DEALER RETAIL | **Notes:** NO SEEPAGE NOTED, BELTS AND HOSES FIRM WITH MINIMAL WEAR. ENGINE COMPARTMENT CLEAN WITH NO DIRT. NO SEEPAGE IN TRANS. **Guideline: Transmission:** Fluid translucent and may be slightly discolored. No seepage. **Engine:** No seepage. Belts and hoses firm, show minimal wear. Minimal dirt, no grease in engine compartment. | $ 215 |
| Tires | AVERAGE PRIVATE | **Notes:** RF= 6/32 LF= 7/32 RR= 7/32 LR= 7/32 AVG.= 6.75/32 **Guideline: Rear Tires:** 41% to 68% of new. Example: Typical new car tires are 11/32, loss measures at 5/32 = 46% (5/11) **Front Tires:** 41% to 68% of new. Example: Typical new car tires are 11/32, loss measures at 5/32 = 46% (5/11) | $ 0 |
| Paint | DEALER RETAIL | **Notes:** MINIMAL SURFACE AND SCRATCHING. NO SIGNIFICANT WEAR OR FADING **Guideline:** Minimal surface chipping and/or scratches. No significant wear and/or fading of any kind. | $ 154 |
| Body | DEALER RETAIL | **Notes:** NO DENTS. NO RUST, PANEL GAPS CONSISTENT. **Guideline: Sheet Metal:** No dents. No rust. All panels intact and properly aligned. **Trim:** Components firmly intact. No dents. | $ 646 |
| Glass | AVERAGE PRIVATE | **Notes:** GLASS SHOES AVERAGE SIGNS OF PITTING AND CHIPPING. **Guideline:** Light surface scratches and/or pitting. | $ 0 |

GEICO uses condition inspection guidelines to determine the condition of key components of the loss vehicle prior to the loss. The guidelines describe physical characteristics for these key components, for the condition selected based upon age. Inspection Notes reflect observations from the appraiser regarding the loss vehicle's condition.

CCC makes dollar adjustments that reflect the impact the reported condition has on the value of the loss vehicle as compared to Average Private condition. These dollar adjustments are based upon interviews with dealerships across the United States.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **MARKET VALUATION REPORT**

# 🚗 VEHICLE CONDITION

## COMPONENT CONDITION

|  | Condition | Inspection Notes/Guidelines | Value Impact |
|---|---|---|---|
| Seats | DEALER RETAIL | **Notes:** NO HOLES OR TEARS, NO WEAR SPOTS, SEATS CLEAN<br>**Guideline:**<br>Very clean. No tears, holes or burn marks. No wear or bare spots. | $ 154 |
| Carpets | AVERAGE PRIVATE | **Notes:** NO SIGNIFICANT WEAR SPOTS, CLEAN<br>**Guideline:**<br>Clean. No significant tears, holes and/or burn marks. No significant wear. No bare spots. Lightly worn primarily in driver's area. | $ 0 |
| Dashboard | DEALER RETAIL | **Notes:** NO DAMAGE TO COMPONENTS, NO SIGNIFICANT WEAR. NO SIGNIFICANT GOUGES.<br>**Guideline:**<br>No significant scratches and/or gouges. Components firmly intact and functional. No significant wear. | $ 154 |
| Headliner | DEALER RETAIL | **Notes:** HEADLINER CLEAN, NO SCUFFING, NO HOLES.<br>**Guideline:**<br>Very clean. No holes or burn marks. | $ 123 |
| **Total Condition Adjustments** | | | **$ 1,446** |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **CCC ONE. MARKET VALUATION REPORT** | Owner: Desai, Milind
Claim: 0434736130101053-01

# COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 1 | Comp 2 | Comp 3 |
|---|---|---|---|---|
| Odometer | 42,448 | 16,964 | 45,320 | 50,779 |
| Automatic Transmission | ✔ | ✔ | ✔ | ✔ |
| 4 Wheel Drive | ✔ | ✔ | ✔ | ✔ |
| Power Steering | ✔ | ✔ | ✔ | ✔ |
| Power Brakes | ✔ | ✔ | ✔ | ✔ |
| Power Windows | ✔ | ✔ | ✔ | ✔ |
| Power Locks | ✔ | ✔ | ✔ | ✔ |
| Power Mirrors | ✔ | ✔ | ✔ | ✔ |
| Power Driver Seat | ✔ | ✔ | ✔ | ✔ |
| Power Passenger Seat | ✔ | ✔ | ✔ | ✔ |
| Power Trunk/Gate Release | ✔ | ✔ | ✔ | ✔ |
| Air Conditioning | ✔ | ✔ | ✔ | ✔ |
| Climate Control | ✔ | ✔ | ✔ | ✔ |
| Tilt Wheel | ✔ | ✔ | ✔ | ✔ |
| Cruise Control | ✔ | ✔ | ✔ | ✔ |
| Rear Defogger | ✔ | ✔ | ✔ | ✔ |
| Intermittent Wipers | ✔ | ✔ | ✔ | ✔ |
| Console/Storage | ✔ | ✔ | ✔ | ✔ |
| Memory Package | ✔ | ✔ | ✔ | ✔ |
| Navigation System | ✔ | ✔ | ✔ | ✔ |
| Keyless Entry | ✔ | ✔ | ✔ | ✔ |
| Telescopic Wheel | ✔ | ✔ | ✔ | ✔ |
| Message Center | ✔ | ✔ | ✔ | ✔ |
| Home Link | ✔ | ✔ | ✔ | ✔ |
| Wood Interior Trim | ✔ | ✔ | ✔ | ✔ |
| Bucket Seats | ✗ | ✔ | ✔ | ✔ |
| Leather Seats | ✔ | ✔ | ✔ | ✔ |
| Heated Seats | ✔ | ✔ | ✔ | ✔ |
| Rear Heated Seats | ✗ | ✔ | ✔ | ✔ |
| AM Radio | ✔ | ✔ | ✔ | ✔ |
| FM Radio | ✔ | ✔ | ✔ | ✔ |
| Stereo | ✔ | ✔ | ✔ | ✔ |
| Search/Seek | ✔ | ✔ | ✔ | ✔ |
| CD Player | ✔ | ✔ | ✔ | ✔ |
| Steering Wheel Touch Controls | ✔ | ✔ | ✔ | ✔ |
| Auxiliary Audio Connection | ✔ | ✔ | ✔ | ✔ |
| Premium Radio | ✗ | ✔ | ✗ | ✗ |
| Satellite Radio | ✔ | ✔ | ✔ | ✔ |
| Aluminum/Alloy Wheels | ✔ | ✔ | ✔ | ✔ |
| Electric Glass Roof | | | | |

**Comp 1**   Updated Date: 12/27/2016
**2014 Audi A6 Premium Plus Quattro 6**
**3.0l Gasoline Supercharged Gasoline**
**Direct Injection**
**VIN** WAUFGAFC1EN034341
**Dealership** Don Sitts Auto Sales, Inc.
**Contact** Don Sitts
**Telephone** (330) 945-5800
**Source** Inspected Inventory
**Stock #** 3898
**Distance from Solon, OH**
17 Miles - Cuyahoga Falls, OH
**Comp 2**   Updated Date: 01/17/2017
**2014 Audi A6 Premium Plus Quattro 4**
**2.0l Gasoline Turbocharged Gasoline**
**Direct Injection**
**VIN** WAUGFAFC3EN046093
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ADP2930
**Distance from Solon, OH**
4 Miles - Bedford, OH
**Comp 3**   Updated Date: 03/03/2017
**2014 Audi A6 Premium Plus Quattro 4**
**2.0l Gasoline Turbocharged Gasoline**
**Direct Injection**
**VIN** WAUGFAFC4EN080219
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ADP2950A
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comparable vehicles** used in the
determination of the Base Vehicle Value
are not intended to be replacement
vehicles but are reflective of the market
value, and may no longer be available
for sale.

**List Price** is the sticker price of an
inspected dealer vehicle and the
advertised price for the advertised
vehicle.

**Take Price** is the amount that the
dealership will accept to sell the
inspected vehicle, though a lower price
may be obtainable through negotiation.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.
Page 8 of 20

 **CCC ONE.**  **MARKET VALUATION REPORT**

Owner: Desai, Milind
Claim: 0434736130101053-01

# 🔍 COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 1 | Comp 2 | Comp 3 |
|---|---|---|---|---|
| Drivers Side Air Bag | ✔ | ✔ | ✔ | ✔ |
| Passenger Air Bag | ✔ | ✔ | ✔ | ✔ |
| Anti-lock Brakes (4) | ✔ | ✔ | ✔ | ✔ |
| 4-wheel Disc Brakes | ✔ | ✔ | ✔ | ✔ |
| Front Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Head/Curtain Air Bags | ✔ | ✔ | ✔ | ✔ |
| Backup Camera W/ Parking Sensors | ✔ | ✔ | ✔ | ✔ |
| Rear Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Communications System | ✔ | ✔ | ✔ | ✔ |
| Hands Free | ✔ | ✔ | ✔ | ✔ |
| Xenon Headlamps | ✔ | ✔ | ✔ | ✔ |
| Alarm | ✔ | ✔ | ✔ | ✔ |
| Traction Control | ✔ | ✔ | ✔ | ✔ |
| Stability Control | ✔ | ✔ | ✔ | ✔ |
| Dual Mirrors | ✔ | ✔ | ✔ | ✔ |
| Heated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Tinted Glass | ✔ | ✔ | ✔ | ✔ |
| Fog Lamps | ✔ | ✔ | ✔ | ✔ |
| Signal Integrated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Clearcoat Paint | ✔ | ✔ | ✔ | ✔ |
| **List Price** | | $ 37,995 | $ 29,300 | $ 26,999 |
| **Take Price** | | $ 37,995 | | |
| **Adjustments:** | | | | |
| Make/Model/Trim | | - $ 3,425 | | |
| Options | | - $ 149 | - $ 149 | - $ 149 |
| Mileage | | - $ 3,776 | + $ 406 | + $ 1,072 |
| Condition[1] | | - $ 1,723 | - $ 1,723 | - $ 1,723 |
| **Adjusted Comparable Value** | | **$ 28,922** | **$ 27,834** | **$ 26,199** |

**Distance** is based upon a straight line between loss and comparable vehicle locations.

[1]The **Condition Adjustment** sets that comparable vehicle to Average Private condition, which the loss vehicle is also compared to in the Vehicle Condition section.

 **CCC ONE.** MARKET VALUATION REPORT

Owner: Desai, Milind
Claim: 0434736130101053-01

# COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 4 | Comp 5 | Comp 6 |
|---|---|---|---|---|
| Odometer | 42,448 | 57,125 | 25,848 | 18,488 |
| Automatic Transmission | ✔ | ✔ | ✔ | ✔ |
| 4 Wheel Drive | ✔ | ✔ | ✔ | ✔ |
| Power Steering | ✔ | ✔ | ✔ | ✔ |
| Power Brakes | ✔ | ✔ | ✔ | ✔ |
| Power Windows | ✔ | ✔ | ✔ | ✔ |
| Power Locks | ✔ | ✔ | ✔ | ✔ |
| Power Mirrors | ✔ | ✔ | ✔ | ✔ |
| Power Driver Seat | ✔ | ✔ | ✔ | ✔ |
| Power Passenger Seat | ✔ | ✔ | ✔ | ✔ |
| Power Trunk/Gate Release | ✔ | ✔ | ✔ | ✔ |
| Air Conditioning | ✔ | ✔ | ✔ | ✔ |
| Climate Control | ✔ | ✔ | ✔ | ✔ |
| Tilt Wheel | ✔ | ✔ | ✔ | ✔ |
| Cruise Control | ✔ | ✔ | ✔ | ✔ |
| Rear Defogger | ✔ | ✔ | ✔ | ✔ |
| Intermittent Wipers | ✔ | ✔ | ✔ | ✔ |
| Console/Storage | ✔ | ✔ | ✔ | ✔ |
| Memory Package | ✔ | ✔ | ✔ | ✔ |
| Navigation System | ✔ | ✔ | ✔ | ✔ |
| Keyless Entry | ✔ | ✔ | ✔ | ✔ |
| Telescopic Wheel | ✔ | ✔ | ✔ | ✔ |
| Message Center | ✔ | ✔ | ✔ | ✔ |
| Home Link | ✔ | ✔ | ✔ | ✔ |
| Wood Interior Trim | ✔ | ✔ | ✔ | ✔ |
| Bucket Seats | ✗ | ✔ | ✔ | ✔ |
| Leather Seats | ✔ | ✔ | ✔ | ✔ |
| Heated Seats | ✔ | ✔ | ✔ | ✔ |
| Rear Heated Seats | ✗ | ✔ | ✔ | ✗ |
| AM Radio | ✔ | ✔ | ✔ | ✔ |
| FM Radio | ✔ | ✔ | ✔ | ✔ |
| Stereo | ✔ | ✔ | ✔ | ✔ |
| Search/Seek | ✔ | ✔ | ✔ | ✔ |
| CD Player | ✔ | ✔ | ✔ | ✔ |
| Steering Wheel Touch Controls | ✔ | ✔ | ✔ | ✔ |
| Auxiliary Audio Connection | ✔ | ✔ | ✔ | ✔ |
| Satellite Radio | ✔ | ✔ | ✔ | ✔ |
| Aluminum/Alloy Wheels | ✔ | ✔ | ✔ | ✔ |
| Electric Glass Roof | ✔ | ✔ | ✔ | ✔ |
| Drivers Side Air Bag | ✔ | ✔ | ✔ | ✔ |
| Passenger Air Bag | ✔ | ✔ | ✔ | ✔ |

**Comp 4**  Updated Date: 03/11/2017
**2014 Audi A6 Premium Plus Quattro 4**
**2.0l Gasoline Turbocharged Gasoline**
**Direct Injection**
**VIN** WAUGFAFC8EN073063
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ADP2896
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comp 5**  Updated Date: 02/24/2017
**2014 Audi A6 Premium Plus Quattro 4**
**2.0l Gasoline Turbocharged Gasoline**
**Direct Injection**
**VIN** WAUGFAFC1EN109899
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ADP2987
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comp 6**  Updated Date: 02/25/2017
**2014 Audi A6 Premium Plus Quattro 4**
**2.0l Gasoline Turbocharged Gasoline**
**Direct Injection**
**VIN** WAUGFAFC2EN149828
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ADP2991
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comparable vehicles** used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

†The **Condition Adjustment** sets that comparable vehicle to Average Private

Electronically Filed 09/06/2019 10:56 / / CV 19 921035 / Confirmation Nbr. 1808726 / CLAJB

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **ONE.** MARKET VALUATION REPORT

Owner: Desai, Milind
Claim: 0434736130101053-01

# COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 4 | Comp 5 | Comp 6 |
|---|---|---|---|---|
| Anti-lock Brakes (4) | ✔ | ✔ | ✔ | ✔ |
| 4-wheel Disc Brakes | ✔ | ✔ | ✔ | ✔ |
| Front Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Head/Curtain Air Bags | ✔ | ✔ | ✔ | ✔ |
| Backup Camera W/ Parking Sensors | ✔ | ✔ | ✔ | ✔ |
| Rear Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Communications System | ✔ | ✔ | ✔ | ✔ |
| Hands Free | ✔ | ✔ | ✔ | ✔ |
| Xenon Headlamps | ✔ | ✔ | ✔ | ✔ |
| Alarm | ✔ | ✔ | ✔ | ✔ |
| Traction Control | ✔ | ✔ | ✔ | ✔ |
| Stability Control | ✔ | ✔ | ✔ | ✔ |
| Dual Mirrors | ✔ | ✔ | ✔ | ✔ |
| Heated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Tinted Glass | ✔ | ✔ | ✔ | ✔ |
| Fog Lamps | ✔ | ✔ | ✔ | ✔ |
| Signal Integrated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Clearcoat Paint | ✔ | ✔ | ✔ | ✔ |
| **List Price** | | $ 24,899 | $ 32,990 | $ 32,989 |
| **Adjustments:** | | | | |
| Options | | - $ 149 | - $ 149 | |
| Mileage | | + $ 1,700 | - $ 2,576 | - $ 3,579 |
| Condition[1] | | - $ 1,723 | - $ 1,723 | - $ 1,723 |
| **Adjusted Comparable Value** | | **$ 24,727** | **$ 28,542** | **$ 27,687** |

condition, which the loss vehicle is also compared to in the Vehicle Condition section.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **CCC ONE. MARKET VALUATION REPORT**

Owner: Desai, Milind
Claim: 0434736130101053-01

## 🔍 COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 7 | Comp 8 | Comp 9 |
|---|---|---|---|---|
| Odometer | 42,448 | 43,465 | 44,614 | 13,857 |
| Automatic Transmission | ✔ | ✔ | ✔ | ✔ |
| 4 Wheel Drive | ✔ | ✔ | ✔ | ✔ |
| Power Steering | ✔ | ✔ | ✔ | ✔ |
| Power Brakes | ✔ | ✔ | ✔ | ✔ |
| Power Windows | ✔ | ✔ | ✔ | ✔ |
| Power Locks | ✔ | ✔ | ✔ | ✔ |
| Power Mirrors | ✔ | ✔ | ✔ | ✔ |
| Power Driver Seat | ✔ | ✔ | ✔ | ✔ |
| Power Passenger Seat | ✔ | ✔ | ✔ | ✔ |
| Power Trunk/Gate Release | ✔ | ✔ | ✔ | ✔ |
| Air Conditioning | ✔ | ✔ | ✔ | ✔ |
| Climate Control | ✔ | ✔ | ✔ | ✔ |
| Tilt Wheel | ✔ | ✔ | ✔ | ✔ |
| Cruise Control | ✔ | ✔ | ✔ | ✔ |
| Rear Defogger | ✔ | ✔ | ✔ | ✔ |
| Intermittent Wipers | ✔ | ✔ | ✔ | ✔ |
| Console/Storage | ✔ | ✔ | ✔ | ✔ |
| Memory Package | ✔ | ✔ | ✔ | ✔ |
| Navigation System | ✔ | ✔ | ✔ | ✔ |
| Keyless Entry | ✔ | ✔ | ✔ | ✔ |
| Telescopic Wheel | ✔ | ✔ | ✔ | ✔ |
| Message Center | ✔ | ✔ | ✔ | ✔ |
| Home Link | ✔ | ✔ | ✔ | ✔ |
| Wood Interior Trim | ✔ | ✔ | ✔ | ✔ |
| Bucket Seats | ✗ | ✗ | ✗ | ✔ |
| Leather Seats | ✔ | ✔ | ✔ | ✔ |
| Heated Seats | ✔ | ✔ | ✔ | ✔ |
| AM Radio | ✔ | ✔ | ✔ | ✔ |
| FM Radio | ✔ | ✔ | ✔ | ✔ |
| Stereo | ✔ | ✔ | ✔ | ✔ |
| Search/Seek | ✔ | ✔ | ✔ | ✔ |
| CD Player | ✔ | ✔ | ✔ | ✔ |
| Steering Wheel Touch Controls | ✔ | ✔ | ✔ | ✔ |
| Auxiliary Audio Connection | ✔ | ✔ | ✔ | ✔ |
| Premium Radio | ✗ | ✔ | ✔ | ✗ |
| Satellite Radio | ✔ | ✔ | ✔ | ✔ |
| Aluminum/Alloy Wheels | ✔ | ✔ | ✔ | ✔ |
| Electric Glass Roof | ✔ | ✔ | ✔ | ✔ |
| Drivers Side Air Bag | ✔ | ✔ | ✔ | ✔ |
| Passenger Air Bag | | | | |

**Comp 7**  Updated Date: 02/03/2017
**2014 Audi A6 Premium Plus Quattro 6**
**3.0l Gasoline Supercharged Gasoline Direct Injection**
**VIN** WAUFGAFC7EN051953
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ALR2969
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comp 8**  Updated Date: 03/01/2017
**2014 Audi A6 Premium Plus Quattro 6**
**3.0l Gasoline Supercharged Gasoline Direct Injection**
**VIN** WAUFGAFC1EN049065
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ALR2017
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comp 9**  Updated Date: 01/13/2017
**2014 Audi A6 Premium Plus Quattro 4**
**2.0l Gasoline Turbocharged Gasoline Direct Injection**
**VIN** WAUGFAFC4EN133050
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ADP2953
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comparable vehicles** used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

¹The **Condition Adjustment** sets that comparable vehicle to Average Private

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.   Page 12 of 20

 **MARKET VALUATION REPORT**

Owner: Desai, Milind
Claim: 0434736130101053-01

# COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 7 | Comp 8 | Comp 9 |
|---|---|---|---|---|
| Anti-lock Brakes (4) | ✔ | ✔ | ✔ | ✔ |
| 4-wheel Disc Brakes | ✔ | ✔ | ✔ | ✔ |
| Front Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Head/Curtain Air Bags | ✔ | ✔ | ✔ | ✔ |
| Backup Camera W/ Parking Sensors | ✔ | ✔ | ✔ | ✔ |
| Rear Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Communications System | ✔ | ✔ | ✔ | ✔ |
| Hands Free | ✔ | ✔ | ✔ | ✔ |
| Xenon Headlamps | ✔ | ✔ | ✔ | ✔ |
| Alarm | ✔ | ✔ | ✔ | ✔ |
| Traction Control | ✔ | ✔ | ✔ | ✔ |
| Stability Control | ✔ | ✔ | ✔ | ✔ |
| Dual Mirrors | ✔ | ✔ | ✔ | ✔ |
| Heated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Tinted Glass | ✔ | ✔ | ✔ | ✔ |
| Fog Lamps | ✔ | ✔ | ✔ | ✔ |
| Signal Integrated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Clearcoat Paint | ✔ | ✔ | ✔ | ✔ |
| | | | | |
| **List Price** | | $ 33,990 | $ 33,990 | $ 33,999 |
| **Adjustments:** | | | | |
| Make/Model/Trim | | - $ 3,425 | - $ 3,425 | |
| Mileage | | + $ 148 | + $ 310 | - $ 4,167 |
| Condition[1] | | - $ 1,723 | - $ 1,723 | - $ 1,723 |
| **Adjusted Comparable Value** | | **$ 28,990** | **$ 29,152** | **$ 28,109** |

condition, which the loss vehicle is also compared to in the Vehicle Condition section.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **CCC☎ONE.** MARKET VALUATION REPORT | Owner: Desai, Milind
Claim: 0434736130101053-01

# 🔍 COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 10 | Comp 11 | Comp 12 |
|---|---|---|---|---|
| Odometer | 42,448 | 48,399 | 36,698 | 51,555 |
| Automatic Transmission | ✔ | ✔ | ✔ | ✔ |
| 4 Wheel Drive | ✔ | ✔ | ✔ | ✔ |
| Power Steering | ✔ | ✔ | ✔ | ✔ |
| Power Brakes | ✔ | ✔ | ✔ | ✔ |
| Power Windows | ✔ | ✔ | ✔ | ✔ |
| Power Locks | ✔ | ✔ | ✔ | ✔ |
| Power Mirrors | ✔ | ✔ | ✔ | ✔ |
| Power Driver Seat | ✔ | ✔ | ✔ | ✔ |
| Power Passenger Seat | ✔ | ✔ | ✔ | ✔ |
| Power Trunk/Gate Release | ✔ | ✔ | ✔ | ✔ |
| Air Conditioning | ✔ | ✔ | ✔ | ✔ |
| Climate Control | ✔ | ✔ | ✔ | ✔ |
| Tilt Wheel | ✔ | ✔ | ✔ | ✔ |
| Cruise Control | ✔ | ✔ | ✔ | ✔ |
| Rear Defogger | ✔ | ✔ | ✔ | ✔ |
| Intermittent Wipers | ✔ | ✔ | ✔ | ✔ |
| Console/Storage | ✔ | ✔ | ✔ | ✔ |
| Memory Package | ✔ | ✔ | ✔ | ✔ |
| Navigation System | ✔ | ✔ | ✔ | ✔ |
| Keyless Entry | ✔ | ✔ | ✔ | ✔ |
| Telescopic Wheel | ✔ | ✔ | ✔ | ✔ |
| Message Center | ✔ | ✔ | ✔ | ✔ |
| Home Link | ✔ | ✔ | ✔ | ✔ |
| Wood Interior Trim | ✔ | ✔ | ✔ | ✔ |
| Bucket Seats | ✘ | ✔ | ✔ | ✔ |
| Leather Seats | ✔ | ✔ | ✔ | ✔ |
| Heated Seats | ✔ | ✔ | ✔ | ✔ |
| AM Radio | ✔ | ✔ | ✔ | ✔ |
| FM Radio | ✔ | ✔ | ✔ | ✔ |
| Stereo | ✔ | ✔ | ✔ | ✔ |
| Search/Seek | ✔ | ✔ | ✔ | ✔ |
| CD Player | ✔ | ✔ | ✔ | ✔ |
| Steering Wheel Touch Controls | ✔ | ✔ | ✔ | ✔ |
| Auxiliary Audio Connection | ✔ | ✔ | ✔ | ✔ |
| Premium Radio | ✘ | ✔ | ✔ | ✔ |
| Satellite Radio | ✔ | ✔ | ✔ | ✔ |
| Aluminum/Alloy Wheels | ✔ | ✔ | ✔ | ✔ |
| Electric Glass Roof | ✔ | ✔ | ✔ | ✔ |
| Drivers Side Air Bag | ✔ | ✔ | ✔ | ✔ |
| Passenger Air Bag | | | | |

**Comp 10** Updated Date: 01/17/2017
**2014 Audi A6 Premium Plus Quattro 6**
**3.0l Gasoline Supercharged Gasoline Direct Injection**
**VIN** WAUFGAFC1EN024201
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** 17477A
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comp 11** Updated Date: 03/09/2017
**2014 Audi A6 Premium Plus Quattro 6**
**3.0l Gasoline Supercharged Gasoline Direct Injection**
**VIN** WAUFGAFC6EN079288
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** ALR2999
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comp 12** Updated Date: 02/23/2017
**2014 Audi A6 Premium Plus Quattro 6**
**3.0l Gasoline Supercharged Gasoline Direct Injection**
**VIN** WAUFGAFC9EN146871
**Dealership** Audi Of Bedford
**Telephone** (440) 232-4700
**Source** Autotrader
**Stock #** 17705A
**Distance from Solon, OH**
4 Miles - Bedford, OH

**Comparable vehicles** used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

†The **Condition Adjustment** sets that comparable vehicle to Average Private

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

  **MARKET VALUATION REPORT**

Owner: Desai, Milind
Claim: 0434736130101053-01

# COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 10 | Comp 11 | Comp 12 |
|---|---|---|---|---|
| Anti-lock Brakes (4) | ✔ | ✔ | ✔ | ✔ |
| 4-wheel Disc Brakes | ✔ | ✔ | ✔ | ✔ |
| Front Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Head/Curtain Air Bags | ✔ | ✔ | ✔ | ✔ |
| Backup Camera W/ Parking Sensors | ✔ | ✔ | ✔ | ✔ |
| Rear Side Impact Air Bags | ✔ | ✔ | ✔ | ✔ |
| Communications System | ✔ | ✔ | ✔ | ✔ |
| Hands Free | ✔ | ✔ | ✔ | ✔ |
| Xenon Headlamps | ✔ | ✔ | ✔ | ✔ |
| Alarm | ✔ | ✔ | ✔ | ✔ |
| Traction Control | ✔ | ✔ | ✔ | ✔ |
| Stability Control | ✔ | ✔ | ✔ | ✔ |
| Dual Mirrors | ✔ | ✔ | ✔ | ✔ |
| Heated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Tinted Glass | ✔ | ✔ | ✔ | ✔ |
| Fog Lamps | ✔ | ✔ | ✔ | ✔ |
| Signal Integrated Mirrors | ✔ | ✔ | ✔ | ✔ |
| Clearcoat Paint | ✔ | ✔ | ✔ | ✔ |
| **List Price** | | $ 32,700 | $ 33,990 | $ 32,899 |
| **Adjustments:** | | | | |
| Make/Model/Trim | | - $ 3,425 | - $ 3,425 | - $ 3,425 |
| Mileage | | + $ 797 | - $ 924 | + $ 1,157 |
| Condition[1] | | - $ 1,723 | - $ 1,723 | - $ 1,723 |
| **Adjusted Comparable Value** | | **$ 28,349** | **$ 27,918** | **$ 28,908** |

condition, which the loss vehicle is also compared to in the Vehicle Condition section.

 **MARKET VALUATION REPORT**

Owner: Desai, Milind
Claim: 0434736130101053-01

# 📝 VALUATION NOTES

This Market Valuation Report has been prepared exclusively for use by GEICO, and no other person or entity is entitled to or should rely upon this Market Valuation Report and/or any of its contents. CCC is one source of vehicle valuations, and there are other valuation sources available.

Regulations concerning vehicle value include Ohio Administrative Code 3901-1-54.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **CCC̄ONE. MARKET VALUATION REPORT**

Owner: Desai, Milind
Claim: 0434736130101053-01

# SUPPLEMENTAL INFORMATION

## CARRIER INFORMATION

**Prepared for:**    GEICO

**Web:**    Get back on the road fast!

GEICO offers an easy-to-use service designed to help you save time and money.

Simply visit www.geico.com/replaceyourcar today or call

(877)-638-4119 to get started!!

 **VEHICLE HISTORY INFORMATION**

### VINguard®

VINguard® Message: VINguard has decoded this VIN without any errors

### ISO Vehicle History:

| | |
|---|---|
| **Number of times reported to ISO:** | 1 |
| **ISO's file number:** | H0254246885 |
| Loss date: | 03/19/2017 |
| Phone: | 8008419160 |
| Claim ref: | 0434736130101053 |

 **CCC ONE.** MARKET VALUATION REPORT | Owner: Desai, Milind
Claim: 0434736130101053-01

# SUPPLEMENTAL INFORMATION

**EXPERIAN® AUTOCHECK® VEHICLE HISTORY REPORT**

CCC provides GEICO information reported by Experian regarding the **2014 Audi A6 (WAUGFAFC0EN081612)**. This data is provided for informational purposes. Unless otherwise noted in this Valuation Detail, CCC does not adjust the value of the loss vehicle based upon this information.

**LEGEND :**
✔ No Event Found
⊖ Event Found
🔲 Information Needed

## TITLE CHECK

| TITLE CHECK | RESULTS FOUND |
|---|---|
| Abandoned | ✔ No Abandoned Record Found |
| Damaged | ✔ No Damaged Record Found |
| Fire Damage | ✔ No Fire Damage Record Found |
| Grey Market | ✔ No Grey Market Record Found |
| Hail Damage | ✔ No Hail Damage Record Found |
| Insurance Loss | ✔ No Insurance Loss Record Found |
| Junk | ✔ No Junk Record Found |
| Rebuilt | ✔ No Rebuilt Record Found |
| Salvage | ✔ No Salvage Record Found |

**TITLE CHECK**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no significant title events. When found, events often indicate automotive damage or warnings associated with the vehicle.

## EVENT CHECK

| EVENT CHECK | RESULTS FOUND |
|---|---|
| NHTSA Crash Test Vehicle | ✔ No NHTSA Crash Test Vehicle Record Found |
| Frame Damage | ✔ No Frame Damage Record Found |
| Major Damage Incident | ✔ No Major Damage Incident Record Found |
| Manufacturer Buyback/Lemon | ✔ No Manufacturer Buyback/Lemon Record Found |
| Odometer Problem | ✔ No Odometer Problem Record Found |
| Recycled | ✔ No Recycled Record Found |
| Water Damage | ✔ No Water Damage Record Found |
| Salvage Auction | ✔ No Salvage Auction Record Found |

**EVENT CHECK**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no historical events that indicate a significant automotive problem. These problems can indicate past previous car damage, theft, or other significant problems.

## VEHICLE INFORMATION

| VEHICLE INFORMATION | RESULTS FOUND |
|---|---|
| Accident | ✔ No Accident Record Found |
| Corrected Title | ✔ No Corrected Title Record Found |
| Driver Education | ✔ No Driver Education Record Found |
| Fire Damage Incident | ✔ No Fire Damage Incident Record Found |
| Lease | ✔ No Lease Record Found |
| Lien | ✔ No Lien Record Found |
| Livery Use | ✔ No Livery Use Record Found |
| Government Use | ✔ No Government Use Record Found |
| Police Use | ✔ No Police Use Record Found |
| Fleet | ✔ No Fleet Record Found |
| Rental | ✔ No Rental Record Found |
| Fleet and/or Rental | ✔ No Fleet and/or Rental Record Found |
| Repossessed | ✔ No Repossessed Record Found |
| Taxi use | ✔ No Taxi use Record Found |
| Theft | ✔ No Theft Record Found |
| Fleet and/or Lease | ✔ No Fleet and/or Lease Record Found |
| Emissions Safety Inspection | ✔ No Emissions Safety Inspection Record Found |
| Duplicate Title | ✔ No Duplicate Title Record Found |

**VEHICLE INFORMATION**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no vehicle information that indicate a significant automotive problem. These problems can indicate past previous car damage, theft, or other significant problems.

**ODOMETER CHECK**

THIS VEHICLE CHECKS OUT

AutoCheck's result for this loss vehicle show no indication of odometer rollback or tampering was found. AutoCheck determines odometer rollbacks by searching for records that indicate odometer readings less than a previously reported value. Other odometer events can report events of tampering, or possible odometer breakage.

Electronically Filed 09/06/2019 10:56 / / CV 19 921035 / Confirmation Nbr. 1808726 / CLAJB

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **CCC⬥ONE.** MARKET VALUATION REPORT | Owner: Desai, Milind
Claim: 0434736130101053-01

# SUPPLEMENTAL INFORMATION

📖 **FULL HISTORY REPORT RUN DATE: 03/21/2017**

Below are the historical events for this vehicle listed in chronological order.

| EVENT DATE | RESULTS FOUND | ODOMETER READING | DATA SOURCE | EVENT DETAIL |
|---|---|---|---|---|
| 11/30/2013 | | | Independent Source | VEHICLE MANUFACTURED AND SHIPPED TO DEALER |
| 01/08/2014 | OH | 5 | Motor Vehicle Dept. | TITLE (Lien Reported) |
| 01/10/2014 | BEDFORD, OH | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL (Lease Reported) |
| 06/20/2014 | BEDFORD, OH | 4352 | Motor Vehicle Dept. | TITLE |
| 08/18/2014 | | | Independent Source | VEHICLE MANUFACTURED AND SHIPPED TO DEALER |
| 09/20/2014 | SOLON, OH | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 10/02/2015 | SOLON, OH | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |
| 09/21/2016 | SOLON, OH | | Motor Vehicle Dept. | REGISTRATION EVENT/ RENEWAL |

**AUTOCHECK TERMS AND CONDITIONS:**

Experian's Reports are compiled from multiple sources. It is not always possible for Experian to obtain complete discrepancy information on all vehicles; therefore, there may be other title brands, odometer readings or discrepancies that apply to a vehicle that are not reflected on that vehicle's Report. Experian searches data from additional sources where possible, but all discrepancies may not be reflected on the Report.

These Reports are based on information supplied to Experian by external sources believed to be reliable, BUT NO RESPONSIBILITY IS ASSUMED BY EXPERIAN OR ITS AGENTS FOR ERRORS, INACCURACIES OR OMISSIONS. THE REPORTS ARE PROVIDED STRICTLY ON AN "AS IS WHERE IS" BASIS, AND EXPERIAN FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE REGARDING THIS REPORT.

YOU AGREE TO INDEMNIFY EXPERIAN FOR ANY CLAIMS OR LOSSES, INCLUDING COSTS, EXPENSES AND ATTORNEYS FEES, INCURRED BY EXPERIAN ARISING DIRECTLY OR INDIRECTLY FROM YOUR IMPROPER OR UNAUTHORIZED USE OF AUTOCHECK VEHICLE HISTORY REPORTS.

Experian shall not be liable for any delay or failure to provide an accurate report if and to the extent which such delay or failure is caused by events beyond the reasonable control of Experian, including, without limitation, "acts of God", terrorism, or public enemies, labor disputes, equipment malfunctions, material or component shortages, supplier failures, embargoes, rationing, acts of local, state or national governments, or public agencies, utility or communication failures or delays, fire, earthquakes, flood, epidemics, riots and strikes.

These terms and the relationship between you and Experian shall be governed by the laws of the State of Illinois (USA) without regard to its conflict of law provisions. You and Experian agree to submit to the personal and exclusive jurisdiction of the courts located within the county of Cook, Illinois.

 **CCC ONE. MARKET VALUATION REPORT**  | Owner: Desai, Milind
                                                    | Claim: 0434736130101053-01

# SUPPLEMENTAL INFORMATION

## NHTSA VEHICLE RECALL

The National Highway Traffic Safety Administration has issued 1 safety related recall notices that may apply to the above valued vehicle.

**NHTSA Campaign ID :** 17V002000

**Mfg's Report Date :** JAN 02, 2017

**Component :** ENGINE AND ENGINE COOLING:COOLING SYSTEM

**Potential Number Of Units Affected :** 342867

**Summary :** Volkswagen Group of America, Inc. (Volkswagen) is recalling certain 2013-2017 Audi A5, A5 Cabriolet and Q5 vehicles, 2013-2016 Audi Allroad and Audi A4 vehicles and 2012-2015 Audi A6 vehicles. These vehicles, equipped with 2.0l Turbo FSI engines, have an electric coolant pump that can be blocked with debris from the cooling system, resulting in the pump overheating.

**Consequence :** If the coolant pump overheats, it can increase the risk of a fire.

**Remedy :** Audi will notify owners, and dealers will update the software so that the power supply to the coolant pump is deactivated if the pump becomes blocked with debris, free of charge. The recall is expected to begin February 20, 2017. Owners may contact Audi customer service at 1-800-253-2834. Volkswagen's number for this recall is 19M1.

**Dates Of Manufacture :** APR 03, 2011 to DEC 21, 2014

**Manufacturer Recall No. :** 19M1

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

# Exhibit C



## Vehicle Information

| | |
|---|---|
| Vehicle: | 2014 Audi A6 Sedan 4D 2.0T Premium Plus AWD 2.0L I4 Turbo |
| Region: | Central |
| Period: | March 19, 2017 |
| VIN: | WAUGFAFC0EN081612 |
| Mileage: | 42,448 |
| Base MSRP: | $49,500 |
| Typically Equipped MSRP: | $50,895 |
| Weight: | 3,957 |



## NADA Used Cars/Trucks Values

| Auction* | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low | $20,100 | $634 | N/A | **$20,734** |
| Average | $23,275 | $634 | N/A | **$23,909** |
| High | $26,475 | $634 | N/A | **$27,109** |
| **Trade-In** | | | | |
| Rough | $21,800 | $450 | N/A | **$22,250** |
| Average | $24,000 | $450 | N/A | **$24,450** |
| Clean | $25,825 | $450 | N/A | **$26,275** |
| | | | | |
| Clean Loan | $23,250 | $450 | N/A | **$23,700** |
| Clean Retail | $28,850 | $450 | N/A | **$29,300** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Navigation System | w/body | w/body |

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power.
©2019 J.D.Power

# **Exhibit D**

# Landskroner Grieco Merriman, LLC

## ATTORNEYS AND ADVOCATES

June 25, 2019

GEICO Casualty Company
P.O. Box 13528
Macon, GA 31208-3528

Attention:    Mary Shepard     *Via Electronic Mail: mshepard@geico.com*
               Salvage Department   *Via Facsimile: 202.354.4691*

    *Re:*     ***Our Client:***         ***Milind Desai***
             ***Your Insured:***     ***Milind Desai***
             ***Claim No.***        ***0434736130101053-01***
             ***Date of Loss:***       ***03/19/2017***
             ***Policy No.***        ***4251-54-34-29 (Form A-30-OH (10-09)) (the "Policy")***

Dear Ms. Shepard:

On behalf of my above-named client, this letter requests additional payments, and information, in connection with GEICO Casualty Company's ("Geico's") adjustment of the total loss claim for my client's 2014 Audi A6 Premium Plus Quattro (the "Insured Vehicle").

As a reminder, Geico used a CCC One Market Valuation Report ("CCC Report") to calculate an actual cash value of the Insured Vehicle of $29,139.00 (consisting of a base value of $27,693.00 plus a condition adjustment of $1,446.00), resulting in an initial payment of $29,039 after subtracting the deductible ($100.00). Subsequently, after my client purchased a new vehicle, Geico paid sales tax of $2,331.12 and a title fee of $15.00. As the CCC Report used dealer advertised prices to calculate the base value of the Insured Vehicle, Geico clearly contemplates and admits that its insureds will typically buy replacement vehicles from dealers, making amounts charged by dealers relevant to replacement cost and, thus, to "actual cash value."

The Policy provides that Geico will pay the "actual cash value" of an insured vehicle it declares a total loss under its physical damages coverages. It defines "actual cash value" as "the replacement cost of the auto…less depreciation or betterment."

Geico's valuation of total losses is regulated by Ohio Administrative Code 3901-1-54(H)(7) which provides, in pertinent part, as follows:

> In settlement of claimants' automobile total losses on the basis of **actual cash value** or replacement of the automobile with another of like kind and quality, an insurer which elects to offer a cash settlement to claimant **shall base the offer upon the actual cost to purchase a comparable automobile** less any applicable deductible amount contained in

**Tom Merriman**     216-522-9000 TELEPHONE     **Team** | **LGM**     888-4321-LGM TOLL FREE     1360 West 9th Street, Suite 200
tom@lgmlegal.com     216-522-9007 FACSIMILE                   866-522-9500 TOLL FREE     Cleveland, Ohio 44113
Electronically Filed 09/06/2019 10:56 / / CV 19 921033 / Confirmation Nbr. 1808726 / CLAJB
www.teamlgm.com

# Landskroner Grieco Merriman, LLC

ATTORNEYS AND ADVOCATES

the policy, and/or deduction for betterment as contained in paragraph (H)(2) of this rule. The settlement value may be derived from:

(a) The average cost of two or more comparable automobiles in the local market area if comparable automobiles are or were available to consumers within the last ninety days; or

(b) The average cost of two or more comparable automobiles in areas proximate to the local market area, including the closest in-state or out-of-state major metropolitan areas, that are or were available to consumers within the last ninety days if comparable automobiles are not available pursuant to paragraph (H)(7)(a) of this rule; or

(c) The average of two or more quotations obtained by the insurer from two or more licensed dealers located within the local market area if comparable automobiles are not available pursuant to paragraphs (H)(7)(a) and (H)(7)(b) of this rule; or

(d) The cost as determined from a generally recognized used motor vehicle industry source such as:

(i) An electronic database if the pertinent portions of the valuation documents generated by the database are provided by the insurer to the claimant upon request; or
(ii) A guidebook that is generally available to the general public if the insurer identifies the guidebook used as the basis for the cost to the claimant upon request, and to which appropriate adjustments for condition, mileage and major options are made and documented in the claim file.

(e) Any method or source chosen as specified in paragraph (H)(7)(d) of this rule shall be used consistently over a period of time by the insurer.

(f) …

An insurer that settles a total loss on a cash settlement basis must maintain in the claim file the documentation used to determine the loss. Such information shall be provided to the first party claimant upon request. An insurer shall notify the first party claimant of any rights to renegotiate the settlement if a comparable vehicle is not available for purchase within thirty-five days of receipt of the settlement.

To the extent Geico's Policy could be interpreted on its face as allowing Geico to value the Insured Vehicle by a method other than those provided in the above Code, per section 15 of the General Provisions of the Policy and Ohio law, Geico's Policy is deemed amended to conform to the Code.

**Tom Merriman**  216-522-9000 TELEPHONE  888-4321-LGM TOLL FREE  1360 West 9th Street, Suite 200
tom@lgmlegal.com  216-522-9007 FACSIMILE  Team | LGM  866-522-9500 TOLL FREE  Cleveland, Ohio 44113
Electronically Filed 09/06/2019 10:56 / / CV 19 921035 / Confirmation Nbr. 1808726 / CLAJB
www.teamlgm.com

# Landskroner Grieco Merriman, LLC

### ATTORNEYS AND ADVOCATES

The payment by Geico, Geico's accompanying correspondence and the CCC One Report reveal that Geico chose to pay a cash settlement to my client of the retail cost of the Insured Vehicle as determined from an electronic database: specifically, the CCC One database. GEICO uses the CCC One database to value all its Ohio policyholders' total loss claims. However, this violates Ohio Administrative Code 3901-1-54 (H)(7)(d), and thus breaches the Policy, because the CCC One database is not a "generally recognized used motor vehicle industry source" and it uses advertised prices less various adjustments rather than actual sales data. Moreover, use of the CCC One database does not qualify as any of the other total loss settlement valuation methodologies allowed by Ohio Administrative Code 3901-1-54 (H)(7).

Accordingly, my client demands that GEICO recalculate the actual cost to purchase an automobile comparable to the Insured Vehicle that complies with Ohio Administrative Code 3901-1-54 (H)-(7). Consistent with subsection (7)(d)(i), my client specifically suggests Geico use the NADA database because it is clearly a generally recognized used motor vehicle industry source, Geico likely already has access to it through the CCC One database, it is otherwise easily available, and the NADA database has the capability of giving a value as of the Date of Loss. If the generally recognized used motor vehicle industry source utilized by Geico provides a value higher than $29,139.00, then My Client demands that GEICO pay him the difference plus the additional sales tax that will result. Likewise, my client demands that GEICO do the same for all its Ohio policyholders to whom it paid total loss claims in the last 8 years.

Please review this claim and then advise if Geico agrees that is use of the CCC database violates the Code and breaches the Policy. If Geico does not agree, please provide a detailed explanation of why, including any and all authority upon which Geico relies

Additionally, Ohio Administrative Code 3901-1-54(H)(7) and Geico's Policy require Geico to pay my client as "replacement cost" and the "actual cost of a comparable vehicle" all retail costs that he reasonably could have expected to incur in purchasing a comparable motor vehicle. Geico properly recognized this by paying him the sales tax and $15 title fee. Unfortunately, Geico did not fully pay all such retail costs, resulting in two additional violations of the Code and breaches of the Policy.

First, virtually all, if not all, used car dealer in Ohio charge a dealer document fee in connection with the purchase of a used car. And, the vast majority of those dealers charge the statutory maximum of 10% of the value of the insured vehicle, capped at $250. So, Geico should have reasonably anticipated my client would incur such a charge in purchasing a comparable motor vehicle at retail and therefore should have paid him $250. My client hereby demands Geico pay him that amount and that it pay the statutory maximum to all of Geico's Ohio policyholders to whom it paid total loss claims in the last 8 years.

Please review this claim and then advise if Geico agrees that it must pay dealer document fees under the Policy. If Geico does not agree, please provide a detailed explanation of why, including

**Tom Merriman**
tom@lgmlegal.com
216-522-9000 TELEPHONE
216-522-9007 FACSIMILE

Team | LGM

888-4321-LGM TOLL FREE
866-522-9500 TOLL FREE

1360 West 9th Street, Suite 200
Cleveland, Ohio 44113

Electronically Filed 09/06/2019 10:56 / / CV 19 921003 / Confirmation Nbr. 1808726 / CLAJB

www.teamlgm.com

# Landskroner Grieco Merriman, LLC

ATTORNEYS AND ADVOCATES

any and all authority upon which Geico relies. Please also provide my client copies of all of the dealer advertisements on which the CCC Report valuation was based.

Second, Geico has not paid the $4.50 license plate/registration transfer fee which Geico could reasonably expect would be incurred in connection with the purchase of a replacement vehicle, just like the sales tax and title fee paid by Geico. This fee can be found on the Ohio Department of Public Safety Bureau of Motor Vehicles website. Thus, my client demands payment of $4.50 for this fee to him and all of Geico's Ohio policyholders to whom it paid total loss claims in the last 8 years.

Please review this claim and then advise if Geico agrees that the $4.50 fee must be paid under the Policy. If Geico does not agree, please provide a detailed explanation of why, including any and all authority upon which Geico relies.

Additionally, based upon my client's experience, it appears Geico not only conditions payment of sales tax upon its total loss policyholder purchasing a replacement vehicle within 30 days of receipt of a cash payment and providing documentation of same to GEICO within 33 days, but also payment of the $15 title fee. The Policy contains no such conditioning provision, however, and Ohio Administrative Code 3901-1-54(H)(7)(f) only allows such conditioning as to sales tax. Accordingly, my client demands Geico pay the $15 title fee to all its total loss policyholders in Ohio to whom it has not previously paid it in the last 8 years. If Geico refuses to do so, please provide a detailed explanation of why, including any and all authority upon which Geico relies.

Finally, my client notes that his CCC Report states that "[t]he total [value it calculated for the Insured Vehicle] may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account." Despite this warning, Geico refused to pay the dealer fee and the license plate/registration fee.

Geico has 14 days to make the requested payments to my client and to respond either that it will pay all its Ohio policyholders to whom it paid total loss claims in the last 8 years or provide the requested explanations of why it will not do so.

Very truly yours,

Tom Merriman

TM/lmy

**Tom Merriman**    216-522-9000 TELEPHONE                    888-4321-LGM TOLL FREE    1360 West 9th Street, Suite 200
tom@lgmlegal.com    216-522-9007 FACSIMILE    Team  LGM    866-522-9500 TOLL FREE    Cleveland, Ohio 44113
www.teamlgm.com

| CASE NO. | | SUMMONS NO. | Rule 4 (B) Ohio |
|---|---|---|---|
| CV19921035 | D1 FX | 39700099 | |

Rules of Civil
Procedure

|  |  |
|---|---|
| MILIND DESAI<br>**VS**<br>GEICO CASUALTY COMPANY | **PLAINTIFF**<br><br>**DEFENDANT** |

**SUMMONS**

GEICO CASUALTY COMPANY
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
COLUMBUS OH 43219

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

EDWARD S JERSE
1360 W. 9TH ST. SUITE 200

CLEVELAND, OH 44113-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

BRIAN J CORRIGAN
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT |
|---|
| Sep 6, 2019 |

By_____
Deputy

COMPLAINT FILED   09/06/2019

CMSN130