UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MILIND DESAI, | ) | Case No. 1:19-cv-2327 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman |
| GEICO CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

In a case the parties have actively litigated for nearly eighteen months, and more than eight months after the deadline the Court set for amendment of the pleadings, Plaintiff Milind Desai seeks leave to amend the complaint. Defendant Geico Casualty Company opposes in part. Because Plaintiff has failed to show good cause for amendment after the deadline, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Milind Desai was driving his 2014 Audi A6 Premium Plus Quattro 4D sedan when he was involved in an accident with another motorist. (ECF No. 1-1, ¶ 33, PageID #26.) Mr. Desai maintained automobile insurance through Defendant Geico Casualty Company. After the accident, Geico determined the Audi was a total loss and offered to pay Mr. Desai $29,039, what it determined the value of the car was. (*Id.*, ¶ 34.) To arrive at this figure, Geico allegedly uses a program called CCC One, which creates an adjusted value of a car based on its condition, by averaging the

adjusted prices of comparable car inspections compiled by CCC Information Services, Inc., which licenses its proprietary system to Geico. (*Id.*, ¶ 35.) Plaintiff alleges that the $29,039 Geico offered him for his totaled Audi undervalued his car by $161 and excluded an additional $12.88 in sales tax, $4.50 in title fees, and Ohio's statutorily established $250 maximum dealer fee. (*Id.*, ¶ 36, PageID #27.) In sum, Mr. Desai alleges he is entitled to roughly $430 more than Geico offered him.

Based on these allegations, Plaintiff filed suit seeking a declaratory judgment that Geico's use of CCC One violates Section 3901-1-54(H)(7) of the Ohio Administrative Code (Count I), and alleged Geico breached the terms of its insurance policy by: failing to pay license fees (Count II), failing to pay title fees (Count III), failing to pay dealer fees (Count V), and using CCC One (Count IV). (*Id.*, ¶¶ 55–79, PageID #33–37.) Plaintiff asserts these claims individually and on behalf of a putative class of other Geico auto insurance policyholders. On October 14, 2019, Geico removed this case based on diversity jurisdiction. (ECF No. 1, PageID #4.)

On Geico's motion, the Court previously dismissed Plaintiff's complaint in part. (ECF No. 49.) Although the Court allowed Plaintiff's breach of contract claims in Counts II, III, and V to proceed, the Court agreed with Geico that CCC One did not violate Section 3901-1-54(H)(7) of the Ohio Administrative Code, meaning it did not violate the policy between Geico and Mr. Desai either and, therefore, dismissed the declaratory judgment claim (Count I). (*Id.*, PageID #646–51.) Further, the Court determined that Plaintiff has no private cause of action under Section 3901-1-54(H). (*Id.*, PageID #649–50.) Accordingly, "all of [Mr. Desai's] claims and allegations" based

on Geico's "alleged violation of Ohio Admin. Code § 3901-1-54(H) must be dismissed for failure to state a claim." (*Id.*, PageID #650.)

The Court also dismissed Plaintiff's claim that Geico's use of CCC One breached the terms of the policy at issue by incorporating Sections 3901-1-54-(H)(2) and (H)(7) of the Ohio Administrative Code (Count IV). (*Id.*, PageID #650–51.) "Given the fact that the court has already determined that Geico's use of the CCC System does not violate Ohio Admin. Code § 3901-1-54(H)(7)(a), even if the provision is incorporated into the Policy such that it has independent legal force under the policy, [Mr. Desai's] claim would fail. That is to say, [Geico's] use of the CCC System does not violate the Policy." (*Id.*, PageID #651.)

## LEAVE TO AMEND

In the Court's Case Management Order, the deadline to amend the pleadings to add claims or parties was December 23, 2019. (ECF No. 28.) The Court adjusted the deadlines in the Case management Order on March 10, 2020, but not the deadline to amend pleadings or add parties, which by then had already passed. (ECF No. 43, PageID #603.)

Just over two weeks after the Court dismissed claims based on the Ohio Administrative Code in Counts I and IV, Plaintiff sought leave to amend, on August 28, 2020. (ECF No. 50.) In his proposed amendment, Plaintiff seeks to make six changes, some substantive, others technical. Specifically, Plaintiff wants to: (1) assert a claim that Geico breached its contract by failing to pay him sales tax, (2) omit the CCC One claims, (3) fix an incorrect statutory reference, (4) designate an

3

alternative damages calculation, and (5) "make certain clarifications, edits, and updates in light of the Court's Order." (ECF No. 50, PageID #652.)

## ANALYSIS

When a party seeks leave to amend a pleading, Rule 15(a) instructs district courts to grant it "freely" when justice so requires. Fed. R. Civ. P. 15(a). But amendment after the deadline in a scheduling order requires good cause. Fed. R. Civ. P. 16(b); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020); *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (requiring a plaintiff "meet the higher threshold for modifying a scheduling order found in Rule 16(b)"). Maintaining this cutoff date ensures that at some point both the parties and the pleadings will be fixed. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

To satisfy Rule 16, a plaintiff must show good cause "for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). Primarily, good cause measures the moving party's diligence in attempting to meet the schedule. *Garza*, 972 F.3d at 879. But courts also consider prejudice to other parties by virtue of an amendment after the deadline. *Id.*; *Leary*, 349 F.3d at 906.

### I. Proposed Amendment to Add a Breach of Contract Claim

Plaintiff represents that he initially omitted this claim—that Geico breached its insurance contract with him by failing to pay sales taxes—because the Ohio Administrative Code provides for sales tax payments. (ECF No. 50, PageID #661.) Plaintiff wanted to avoid legally inconsistent claims that "the total loss adjustment

4

provisions of Ohio Admin. Code § 3901-1-54(H) were incorporated into the Policy, but the provisions of that section allowing conditional payment of the sales tax were not." (*Id.*) Based on the Court's ruling on the motion to dismiss, Plaintiff argues that there is no longer a risk of such inconsistency because the Court cited cases that "actual cash value" includes sales tax. (*Id.*, PageID #661–62.) Further, he argues that there is no prejudice because Defendant has known about the proposed amendment since December 2019 and any "legal arguments involving sales tax" are "similar, if not identical, to those involving the license, title, and dealer fees." (*Id.*, PageID #662.)

The Court finds that Plaintiff has failed to show good cause for leave to amend to assert this claim. Contrary to Plaintiff's argument (ECF No. 53, PageID #738), he did not need the Court to inform him of the availability of this claim. Indeed, Plaintiff admits he knew about it in September 2019 (ECF No. 50, PageID #661–62), yet failed to seek leave to amend for nearly a year. This does not demonstrate the diligence good cause requires. Plaintiff's attempt to justify his delay in asserting this claim by avoiding pursuit of inconsistent legal theories misses the mark. Fundamentally, it overlooks that the Civil Rules allow pleading in the alternative, expressly providing that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." *See* Fed. R. Civ. P. 8(d).

As for prejudice, the Court finds that amendment so long after the cutoff, when the deadline for fact discovery relating to class certification is at hand, would prejudice Geico. In addition to the relatively slight burden of amending its answer and the potentially greater inconvenience of an additional round of briefing on a

5

motion directed to the proposed amended complaint, the amendment may well require new or additional discovery.

Against his lack of diligence and the prejudice to Geico, Plaintiff argues that leave to amend should come as no surprise because he indicated his intent to seek leave to amend in response to the motion to dismiss. (ECF No. 50, PageID #660.) Although the Court noted that representation, it did not otherwise address it. (ECF No. 49, PageID #642 n.1.) And Plaintiff failed to show diligence by taking any step to follow through on an amendment until after the ruling from the Court. But expressing a desire to amend is not the same thing as seeking leave to do so. *Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 496 (6th Cir. 2019). In essence, Plaintiff wanted an advisory opinion.

For these reasons, the Court **DENIES** leave to amend to assert a claim that Geico breached its contract by failing to pay him sales tax.

## II. Technical and Other Amendments

As for the balance of the proposed amendment Plaintiff seeks leave to file, Geico does not oppose. For that reason, the prejudice analysis differs, and the Court **GRANTS** Plaintiff's motion to amend to make those proposed changes.

## CONCLUSION

For all the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for leave to amend (ECF No. 50). Plaintiff may file a motion for leave to amend within 14 days of the date of this order so long as he also attaches a proposed amendment consistent with the terms of this order and a redline showing the proposed substantive (not formatting) changes from the operative complaint.

Without objection from Geico within seven days of that filing, the Court will grant leave to amend if the proposed amendment conforms to this Order.

**SO ORDERED.**

Dated: February 22, 2021

                                    J. Philip Calabrese
                                    United States District Judge
                                    Northern District of Ohio