UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MILIND DESAI, | ) | Case No. 1:19-cv-2327 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman Jr. |
| GEICO CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

On September 1, 2021, the Court provisionally granted Defendant's motion to seal and directed the parties to review Plaintiff's motion for class certification and determine what information they believe warrants redaction or sealing. (ECF No. 95, PageID #1651–52.) The parties jointly submitted two tables with previously proposed redactions, which they believe (1) qualify for sealing or redaction if Defendant provides legal support (ECF No. 101, Table 1), and (2) do not need redaction or sealing (*id.*, Table 2). Defendant also filed a supplement to its motion for leave to file under seal in which it requests more extensive redaction or sealing to which Plaintiff does not agree. (ECF No. 100, Table.) In this Order, the Court determines what materials in Plaintiff's motion for class certification and supporting documents warrants redaction or sealing.

## LEGAL STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th

Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.* To properly exercise its discretion, district courts must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

This independent obligation exists regardless of any agreement or disagreement among the parties about sealing the records at issue. *See Rudd Equip. Co v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). District courts must weigh, on the one hand, the parties' interest in keep information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted). "The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Id.* (quoting *Brown & Williamson*, 701 F.2d at 1179).

Overcoming this burden is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify seal. *See id.* In civil litigation, the most common categories of information that overcome this burden include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and

2

information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308.

To demonstrate that sealing is necessary, the party seeking confidentiality must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support seal. *Id.* at 305–06 (citation and quotation omitted). Therefore, it is incumbent on the Court to review each document and the legal rationales that the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

## ANALYSIS

With these principles in mind, the Court turns to the documents at issue in this case. In both the joint submission and its supplement, Defendant requests that the Court: (1) redact excerpts from the depositions of David Antonacci, Alan Koontz, and Jacob Linder (Exhibits A, B; and E); (2) redact excerpts from the expert reports of Stockton and Tomlin (Exhibit C); (3) seal an entire Geico internal email thread (Exhibit D); and (4) redact portions of Plaintiff's motion for class certification. (ECF No. 101, PageID #2259.) Defendant supports these requests with a declaration from Todd Koontz about Geico's confidentiality practices and the importance of sealing these documents from the public. (ECF No. 92-1.) The Court addresses each request in turn.

### I. Deposition Testimony

Defendant asserts that its designations in the depositions of Antonacci, Koontz, and Linder contain information about "the nature and capabilities of

3

[Defendant's] proprietary electronic system to store and make claimant data available," Defendant's "claim-processing practices and procedures for the settlement of total-loss claims, strategic decisions related to those practices, and how [Defendant's] interpretation of policy language and internal documents impacts those practices and procedures." (ECF No. 100, PageID #2, 5.)

Koontz's declaration supporting sealing states that publicly disclosing this information would compromise Defendant's competitive standing. He declares that "if a competitor obtained information about GEICO's claims handling processes or training and reference materials—including what information is gathered and maintained—the competitor would have learned something about GEICO's secret processes. Competitors could more easily determine what type of data GEICO maintains and how it uses that data, which are critical components of GEICO's success." (ECF No. 92-1, ¶ 8.) Similarly, Defendant asserts that public disclosure would harm its competitive advantage and that its requested redactions would avoid such potential for harm. (ECF No. 100, PageID #2243–44, 2246.) As legal support, Defendant points to *Davis v. Geico Casualty Co.*, No. 2:19-CV-2477, 2021 WL 3883915, at *2 (S.D. Ohio Aug. 31, 2021), and *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021), both of which recognize that companies have a compelling interest in protecting information that, if disclosed, would cause a competitive disadvantage.

After reviewing the designations in the supplement and joint submission and corresponding deposition transcripts, the Court finds, with four exceptions identified

4

below, that the designations contain confidential claims-processing, electronic system, and propriety data information that should not be made publicly available. The interest of ensuring nonparties' access to the information that will be redacted or sealed is significantly less than in *Shane Group,* which involved sealing information necessary to unnamed class members to evaluate a class action settlement. *Shane Grp.*, 825 F.3d at 302. Given the nature of Plaintiff's allegations and the absence of interested nonparties, the merits of redacting and sealing the documents outweigh the public's interest, if any, in making the sensitive and private financial and business information public. *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016); *London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019).

The court will not seal pages 21:21–25, 22:1–14, 80:4–9, and 81:11–24 of Koontz's deposition testimony. (*See* ECF No. 100, PageID #6–7, ECF No. 96-1, PageID #1665–66, 1673–74.) These excerpts do not contain confidential information. Defendant asserts that nondisclosure is warranted because Plaintiff does not rely on these excerpts, but that rationale does not overcome the "strong presumption in favor of openness to court records." *Shane Grp.*, 825 F.3d at 305 (quotation omitted). Indeed, *Shane Group* states that "the public has an interest in ascertaining what evidence and records [courts] have relied upon in reaching [a] decision," but that does not mean that the information that a court does not rely on automatically warrants nondisclosure, especially when that information is not confidential in nature. *Id.*

5

## II. Expert Reports

Defendant requests that the Court redact the portions of the expert reports of Stockton and Tomlin that summarize Defendant's confidential documents and witness testimony and that analyze that same information or expose Defendant's confidential claim-handling policies and data. (ECF No. 100, PageID #2245.) For the reasons stated in Defendant's supplement and those stated above, and based on its independent review, the Court finds that the merits of redacting this information outweighs the public interest. The reports rely on information that is confidential in nature—as outlined above—and could put Defendant at a competitive disadvantage if disclosed.

## III. Defendant's Internal Email Thread

The parties agree that Defendant's internal email thread contains information regarding changes to claim-processing procedures, the timing and implementation of those changes, and Defendants confidential and proprietary software. (ECF No. 101, Table 1.) Per Koontz's declaration, this information is confidential in nature and could serve to give competitors an inside look into Defendant's practices and procedures putting them at a competitive disadvantage. For the same reasons set forth above, the Court finds that the merits of sealing this entire document outweighs the public interest in viewing it.

## IV. Plaintiff's Class Certification Motion

Finally, Defendant requests that the Court redact certain excerpts from Plaintiff's class certification papers that contain "information on GEICO's claims-

6

handling policies and practices for the settlement of total-loss claims, strategic decisions related to those practices, and the capabilities of GEICO's proprietary electronic system to store and make claimant data available." (ECF No. 100, PageID #2243.) Because the designation that Defendant seeks to redact contains information derived from the above redacted or sealed items, and the designations are narrowly tailored and limited to that information, the Court grants Defendant's motion to Geico's proposed designations, with two exceptions. *See Shane Grp.*, 825 F.3d at 305. The Court finds that Defendant's designations on pages 10 and 11 of the motion for class certification do not contain the above-mentioned confidential information such that redaction is not appropriate. (ECF No. 100, PageID #14–15; ECF No. 91, PageID #2140–41.)

## CONCLUSION

For the foregoing reasons, with the exception of pages 21:21–25, 22:1–14, 80:4–9, and 81:11–24 of Koontz's deposition testimony (*see* ECF No. 100, PageID #6–7, ECF No. 96-1, PageID #1665–66, 1673–74) and pages 10 and 11 of Plaintiff's motion for class certification (*see* ECF No. 100, PageID #14–15, ECF No. 91, PageID #2140–41), the designations in Defendants' supplement to its motion for leave to file under seal (ECF No. 100, Table) and in the parties' joint submission (ECF No. 101, Table 1) may be filed with redactions or under seal pursuant to Local Rule 5.2 and this Order. The Court **ORDERS** Plaintiff to file the redacted versions of its motion for class certification and supporting documents in accordance with this Order no later than October 1, 2021.

**SO ORDERED.**

Dated: September 28, 2021

 J. Philip Calabrese
 United States District Judge
 Northern District of Ohio

8